**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, <br><br> Defendants. | Case No. 24-cv-04872-SHS-OTW |

**[PROPOSED] STIPULATION & ORDER RE:**

**DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

To expedite the flow of discovery material and to facilitate the consistency in the format of the documents to be produced by the parties in this case, Plaintiff and Defendants (collectively "parties"), by and through their respective counsel, hereby stipulate and agree to the terms of this [Proposed] Stipulation & Order Re: Discovery of Electronically Stored Information (the "ESI Protocol" or "Protocol").

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified at the Court's discretion or by stipulation.

3. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's expectations.

4. The Producing Party will conduct a reasonable investigation to identify custodians and use search terms reasonably calculated to identify responsive materials consistent with the parties' discovery obligations pursuant to the Federal Rules of Civil Procedure.

5. The Producing Party will in the first instance propose search terms and custodians and corresponding hit reports. The parties will negotiate in good faith, including by meeting and conferring, to identify custodians and search terms. The Producing Party will provide hit reports for proposed search terms, including search terms proposed by a Receiving Party after the date of this Order, to inform such negotiations. If the Receiving Party makes a proposal for additional search terms

1

for current custodians, the Producing Party must either (a) respond within three business days by either accepting a proposal or rejecting it and providing a hit report for the Receiving Party's proposal, or (b) respond within five business days by making a counterproposal and providing a hit report for both the Receiving Party's proposal and the Producing Party's counterproposal. If the Receiving Party makes a proposal for additional custodians, the Producing Party must respond within eight business days by either accepting a proposal, rejecting it, or making a counterproposal and providing a hit report.

6. The parties will disclose at the outset any use of enterprise messaging tools, such as Slack or MS Teams, including the type of subscription and retention settings in place. The parties will meet and confer regarding issues relating to the parameters for collection of such data, the format of the production, and other unique issues to this type of data, including but not limited to the parsing of the conversations.

7. A party must disclose in advance if it intends to use technology assisted review ("TAR"). The parties shall meet and confer in good faith regarding disputes pertaining to the use of TAR. If, after a timely objection and meet and confer conference, the dispute is still unresolved, the party opposing the use of TAR must file a letter with the Court as provided in Section II.b. of the Court's Individual Practices within five (5) business days of the parties' conference.

8. Production Format for ESI.

    a. Except as otherwise provided in this Order, all documents existing in electronic format (e.g., Word, PDF, webpage files) shall be produced as 300 DPI TIFF black and white images with 1-bit depth and with a Bates number

        stamped on each page, document metadata (including extracted or OCR text), and a link to the associated extracted or OCR text file. The parties will consider re-producing select and specifically identified color documents as paginated color JPGs upon reasonable request by the Receiving Party.

b. Source code and certain other highly confidential technical materials shall be governed by the terms of the parties' separately negotiated agreement(s).

c. Spreadsheet-type files (e.g., Microsoft Excel), PowerPoint files, and Multimedia files (video, audio, voicemail, etc.) should be produced in native format unless they require redaction. Documents produced in native format should be named according to the Bates number assigned, with the Confidentiality designation appended to the Bates numbers with a hyphen. Single-page Bates-stamped TIFF image slip-sheets will be included for each document produced in native format. The slip-sheets will display the Bates number of the native file, the Confidentiality endorsement, and an endorsement stating, "File Produced Natively."

d. For Excel and PowerPoint type files that are printed to TIFF for redaction and redacted (rather than redacted in native), the following printing options shall be enabled:

    i. Excel Print to TIFF Options

        1. Unhide columns and rows
        2. Unhide worksheets
        3. Autofit columns and rows, settings to be over by columns first and, then down by rows
        4. Print gridlines
        5. Do not apply Autofilter
        6. Display headings
        7. Display comments

     8. Header and Footer filename field handling: Show field code

   ii. PowerPoint Print to TIFF Options

     1. Print notes pages
     2. Print hidden slides
     3. Print comments

 e. The Producing Party shall also make reasonable efforts to ensure that any spreadsheets produced only as TIFF images because of redactions are formatted so as to be legible. For redacted items which were originally ESI, all metadata fields noted in this protocol that do not contain privileged or protected information will be provided and will include all non-redacted data. A document's status as redacted does not relieve the Producing Party from providing all of the metadata required herein.

 f. All attachments, addendums, enclosures, and/or exhibits to a parent document will be, to the extent reasonably possible, produced immediately following the parent document and identified as they relate to the respective parent document with the parent/child relationship intact.

 g. The parties shall meet and confer in good faith regarding reasonable methodologies to query or sample training data.

9. Metadata. Load or Concordance DAT files should include, where applicable and to the extent it exists and was captured at the time of the collection, the information listed in Exhibit A attached. To the extent that metadata does not exist or is not reasonably accessible or available for any documents produced, nothing in this Order shall require any party to extract, capture, collect or produce such metadata.

10. Privilege Logs. A party that withholds or redacts documents, ESI, and any other materials and information on the grounds of attorney-client privilege, attorney work

4

product, and/or any other applicable privilege, immunity or protection from discovery, shall produce a privilege log. The following documents and communications need not be included on a privilege log: (1) privileged communications exclusively between a party and its outside or in-house counsel on or after June 27, 2024, (2) work product performed by a party at the direction of its outside or in-house counsel on or after June 27, 2024, and (3) privileged or work product documents or communications between a party and its outside or in-house counsel related to the following lawsuits and investigations: *Doe 1, et al. v. GitHub, Inc. et al.*, Case No. 4:22-cv-06823-JST (N.D. Cal.); *In re OpenAI ChatGPT Litigation*, Case No. 3:23-cv-03223-AMO (N.D. Cal.); *Authors Guild, et al., v. OpenAI, Inc, et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y.); *Alter, et al. v. OpenAI Inc. et al.*, 23-cv-10211-SHS (S.D.N.Y.); *The New York Times Company v. Microsoft Corp. et al.*, 23-cv-11195-SHS (S.D.N.Y.); *Basbanes et al. v. Microsoft Corp. et al.*, 24-cv-00084-SHS (S.D.N.Y.); *The Intercept Media, Inc. v. OpenAI, Inc. et al.*, Case No. 1:24-cv-01515-JSR (S.D.N.Y.); *Raw Story Media, Inc. et al v. OpenAI Inc. et al.*, 1:24-cv-01514-CM (S.D.N.Y.); *Daily News LP et al. v. Microsoft Corp. et al.*, 1:24-cv-03285-SHS-OTW (S.D.N.Y.); *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, 1:24-cv-04872-SHS-OTW (S.D.N.Y.); *Millette v. OpenAI, Inc. et al.*, 5:24-cv-04710-EJD (N.D. Cal.); the pending Federal Trade Commission Investigation, FTC File No. 232-3044, and any other subsequently filed or commenced lawsuits or investigations relating to OpenAI or Microsoft. Privilege logs shall be served within a reasonable time after

the parties' substantial completion of production of documents. The privilege log shall be produced in Excel format and include:

a. A unique number for each entry on the log.

b. Date of document for all ESI and to the extent known or discernible for all hard copy documents. For emails this should be the sent date of the document and for loose ESI this should be the last-modified or create date of the document.

c. Custodian of the document. For emails this should be populated with the metadata extracted from the Custodian(s) field. For loose ESI, this should be populated with the Custodian value assigned to the instance of the document in question.

d. Author of the document. For emails this should be populated with the metadata extracted from the "Email From" field associated with the file. For loose ESI, this should be populated with the metadata extracted from the "Author" field. For hard copy documents, this will be populated with the "Custodian."

e. Recipient(s) of the document where reasonably ascertainable. For emails this will be populated with the metadata extracted from the "Email To" field associated with the file. Separate columns will be included for the metadata extracted from the "Email CC" and "Email BCC" fields, where populated.

f. The type of privilege being asserted, for example: (a) AC for Attorney/Client, (b) WP for Attorney Work Product, (c) CI for Common Interest.

      g.    The reason for the redaction. If more than one reason, separate by semicolons.

      h.    Nothing in Paragraph 10 of this Order shall be read to preclude the parties from logging documents categorically or read to be inconsistent with Local Rule 26.2.

11.    Any party that issues a non-party subpoena shall timely notify other parties when it receives non-party productions of documents, ESI or other responses from the non-party, and shall timely provide copies of all such productions in the format in which they were received from the non-party to the other parties. If the non-party produces documents or ESI that are not Bates labeled, the Receiving Party will Bates-label the documents or ESI before producing a copy to the other parties if the produced documents or ESI are of the type so requiring consistent with other provisions of this Order. Nothing in this Protocol precludes a Receiving Party from reviewing a non-party production of documents or ESI and applying (if the non-party produced documents without a confidentiality designation) or elevating a confidentiality designation (e.g., elevating documents designated as "CONFIDENTIAL" to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") if the production contains confidential or extremely sensitive information.

12.    Technical Variances. Recognizing that each Producing Party may experience production issues due to data systems or files that may not be fully compatible with the technical specifications set forth herein, any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing, to accommodate such issues and/or where such variance is deemed appropriate to

7

facilitate the timely and economical production of documents or ESI. No Party shall unreasonably object to any such variance.

13. Reproduction as Natives. The parties agree that to the extent any party seeks production in native format of specifically identified ESI produced originally in TIFF form, the Producing Party shall respond reasonably and in good faith to any such request.

14. Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication, information, or material that is protected by the attorney-client privilege or work-product protection, as defined by Fed. R. Evid. 502(g), shall not waive the privilege or protection in the above-captioned case, or any other federal or state proceeding, for either that communication, information, or material or the subject matter of the same, unless there is an intentional waiver of the privilege or protection to support an affirmative use of such communication, information, or material in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).

15. In the event of an inadvertent production of material protected by the attorney-client privilege or work-product protection, the producing party may notify the receiving party within 30 days after the producing party becomes aware of such inadvertent production. Upon notification, the receiving party shall immediately return, sequester, or destroy the inadvertently-produced Discovery Material and all copies as well as notes, summaries, and/or work product reflecting the content of such material. If only a portion of the Discovery Material is privileged, the Producing Party shall immediately provide a new version of the Discovery Material in which

the privileged material has been redacted. No further use or disclosure shall be made of the inadvertently-produced Discovery Material, and the Receiving Party shall take all reasonable and appropriate steps to retrieve and destroy the Discovery Material, and all copies, from any person who has received the Discovery Material through the Receiving Party.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: October 15, 2024

/s/ *Paven Malhotra*
Paven Malhotra (*pro hac vice*)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 676-2238
Email: pmalhotra@keker.com

Vera Ranieri (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Email: VRanieri @mofo.com

Andrew Gass (*pro hac vice*)
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Email: andrew.gass@lw.com

*Attorneys for Defendants*
*OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC*

/s/ *Laura Najemy*
Sheryl Koval Garko (*pro hac vice*)
Laura Brooks Najemy (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkley Street
Boston, MA 02116
Telephone: 617-880-1800
Email: sgarko@orrick.com
Email: lnajemy@orrick.com

Annette L. Hurst (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Email: ahurst@orrick.com

Christopher Cariello
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: 212-506-3778
Email: ccariello@orrick.com

*Attorneys for Defendant*
*Microsoft Corporation*

/s/ *Matthew Topic*
Matthew Topic (*pro hac vice*)
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
matt@loevy.com
312-243-5900 (p)
312-243-5902 (f)

***Attorney for Plaintiff***
***Center for Investigative Reporting, Inc.***


   **IT IS ORDERED** that the forgoing Agreement is approved.

Dated:

_____
HON. ONA T. WANG
United States Magistrate Judge

# EXHIBIT A

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodians | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |

11

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email* |
|---|---|---|---|---|
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Author | Text - paragraph | | Document author from metadata | |
| Confidentiality | Single choice | Designation branded onto the document | Designation branded onto the document | Designation branded onto the document |
| FullText | Link | Link to the extracted or OCR text file | Link to the extracted or OCR text file | Link to the extracted or OCR text file |
| DocLink | Link | Link to the native file | Link to the native file | Link to the native file |
| MD5Hash | Text | | The MD5Hash value of the file | The MD5Hash value of the file |
| AttachNam | Text – paragraph Separate entries with ";" | | | File name of the attachment, with any attachments separated by semicolon. |
| PgCount | Integer | Number of pages in the item | Number of pages in the item | Number of pages in the item |
| Custodian | Text – paragraph | Name of person or source from whose/which files the item is produced | Name of person or source from whose/which files the item is produced | Name of person or source from whose/which files the item is produced |
| ParentDate/Sort Date | Date/Time (mm/dd/yyyy) | | The date associated with a family's parent record, which is assigned as follows: | The date associated with a family's parent record, which is assigned as follows: |

12

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email* |
|---|---|---|---|---|
| | | | Loose Edocs populated with 1st occurrence of Date Last Modified or Date Created. | Emails populated with 1st occurrence: Date Sent or Date Received or Date Last Modified. Email attachments populated from the date above. Outlook Appointments populated with 1st occurrence of Start Date or Date Last Modified. |
| TimeReceived | Time | | | Time email or calendar item was received (Date and time fields may be combined) |
| FileSize | Integer | | Size (in kilobytes) of the source native file | Size (in kilobytes) of the source native file |
| SourceFilePath | Text – paragraph | | The directory structure or path where the original file was stored on the Party's source computer system, ending in the filename. Any container name (such as ZIP or PST containers) is included in the path. | The directory structure or path where the original file was stored on the Party's source computer system, ending in the filename. Any container name (such as ZIP or PST containers) is included in the path. |
| SourceParty | Text – paragraph | Name of entity or Party producing the item | Name of entity or Party producing the item | Name of entity or Party producing the item |
| RecordType | Single choice | | Indicates item type (e.g., email, edoc, attachment) | Indicates item type (e.g., email, edoc, attachment) |

13

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email* |
|---|---|---|---|---|
| FileType | Single choice | | (e.g., Outlook, Adobe Acrobat, MS Word, etc.) | (e.g., Outlook, Adobe Acrobat, MS Word, etc.) |
| TimeSent (hh:mmAM/PM) | Time | | | (e.g., Outlook, Adobe Acrobat, MS Word, etc.) |
| Number of Attachments | Integer | | | Number of attached, embedded or grouped items |
| TimeCreated (hh:mm AM/PM) | Time | | Time the item was created (Date and time fields may be combined) | |
| ModifiedBy | Text – paragraph | | Person who last modified or saved the item, as populated in the metadata or document properties of the native file | |
| LastModTime (hh:mm AM/PM) | Time | | Time the item was last modified | |
| Title | Text - paragraphe | | Any value populated in the Title field of the source file metadata or item properties | |
| Redacted | Single choice | User-generated field that will indicate redactions. With the word "REDACTED". Otherwise, blank. | User-generated field that will indicate redactions. With the word "REDACTED". Otherwise, blank. | User-generated field that will indicate redactions. With the word "REDACTED". Otherwise, blank. |

14