## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION <br><br> Defendants. | Case No. 24-cv-04872-SHS-OTW <br><br><br> **PLAINTIFF CENTER FOR INVESTIGATIVE REPORTING'S OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE** |

Plaintiff Center for Investigative Reporting does not dispute that this case is related to the earlier-filed *New York Times* and *Daily News* cases, that there will be overlapping discovery, or that the Court's joint management of this case and those cases as related is appropriate. Nor does Plaintiff dispute that there would be some efficiencies from consolidation. But those earlier cases are set to close fact discovery on December 20, 2024, and the parties in this case did not hold their Rule 26(f) conference until October 1, 2024, which would give the parties 80 days to serve written discovery, respond to it, negotiate and resolve disputes, and conduct all depositions on both sides of the case.

That is highly unrealistic, to put it mildly. By way of comparison, the fact discovery period for the *Times* case is nearly ten months, and for the *Daily News*, is six months. Further, in Digital Millennium Copyright Act claims against OpenAI alone (a subset of the copyright infringement and DMCA claims against both OpenAI and Microsoft here), the parties recently sought and

obtained an extension of time for substantial completion of fact discovery of nearly three additional months, which is comparable to the entire period of time Defendants would allow for fact discovery in this case. *Raw Story v. OpenAI, Inc.*, 24-cv-1514, ECF Nos. 92, 99 (S.D.N.Y.). While a less-than-three-month discovery period for a high-stakes copyright case involving artificial intelligence technology the Defendants describe as novel might be "speedy," it is neither "just" nor "inexpensive." Fed. R. Civ. P. 1; *see also SS&C Techs. Holdings, Inc. v. Arcesium LLC*, No. 22-CV-02009 (TMR-OTW), 2024 WL 64781, at *3 (S.D.N.Y. Jan. 5, 2024) ("The paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrificing justice.").

The three factors do not support consolidation. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) (requiring consideration of (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits; and (3) the length of time required to conclude multiple suits as a single one). Under the first factor, as discussed above, consolidation risks prejudice from an unreasonably short discovery period. Indeed, the OpenAI Defendants recently served Plaintiff with 106 document requests, making clear that discovery in this case will be extensive. The parties' Rule 26(f) report also indicates that there will be significant and complex discovery.

Under the second factor, any additional to litigate multiple lawsuits is less than the burden of forcing Plaintiff into an unreasonably short discovery period. And the burden of multiple lawsuits can be significantly mitigated through better means. Defendants have agreed to produce in this case all of the documents produced in the earlier cases and vice versa. As Plaintiff proposed to Defendants in the parties' Rule 26(f) conference, Defendants also should produce all deposition

transcripts from those cases and consent to their use in this case, and Plaintiff will agree not to retread questions that were already addressed. Finally, Plaintiff will agree to be bound by any discovery rulings in the earlier cases, subject to the typical rules on reconsideration in light of newly discovered evidence. This approach will allow for efficiencies and consistency across the cases without forcing Plaintiff (and Defendants, for that matter) into an unreasonably short 80-day fact discovery period.

Under the third factor, the length of time required to conduct fact discovery fairly in this case would be at least six months (the amount of time allowed in the *Daily News* case), which means that if Defendants' motion is granted, either Plaintiff's right to a reasonable discovery period would be unfairly sacrificed or the plaintiffs in the earlier-filed cases would be forced into the kind of delay that would weigh this factor against consolidation. While Defendants suggest that the schedule in the earlier cases will slip, they offer no authority for reaching consolidation decisions based on hypothetical changes in circumstances that have not materialized.

Finally, the case law does not support Defendants' motion. Defendants cite *SS&C Techs. Holdings, Inc. v. Arcesium LLC*, No. 22-CV-02009 (TMR-OTW), 2024 WL 64781 (S.D.N.Y. Jan. 5, 2024) (ECF No. 93 at 3), but the court in *SS&C* denied the party's motion for consolidation. Even though the two actions at issue in *SS&C* were "related and concern similar parties and similar issues of law and fact," the court concluded that "the differential between the stages of the two actions is too great for the court to allow consolidation without significant prejudice to defendants." 2024 WL 64781, at *4. Specifically, consolidation would have left the parties less than two months to complete fact discovery in the later matter. *See id*. "As noted in this Court, courts in [the Second] Circuit have found that, where cases are in different stages of discovery, consolidation does not achieve the aims of judicial efficiency even if the cases share some factual

overlap." *Id*. (internal citations omitted); *see also Romeo v. Suffolk Ready Mix LLC*, No. 09-CV-2253, 2010 WL 3925260, at *2 (E.D.N.Y. Sept. 30, 2010) (denying motion to consolidate) ("In fact, consolidation here would likely result in significant inefficiencies, because the Later–Filed Case has not progressed significantly in discovery.").

Likewise, *Cornell v. Soundgarden*, 2021 WL 1663924 (W.D. Wash. Apr. 26, 2021), supports Plaintiff's opposition to consolidate in light of the current fact discovery deadline, not Defendants. In *Cornell*, the plaintiffs argued "they would be prejudiced due to the different procedural postures of the two actions," wherein "the Copyright Action was filed over fifteen months ago and the parties have engaged in extensive discovery, unlike the Buyout Action that was recently filed and in which the parties have not yet engaged in discovery." 2021 WL 1663924, at *3. Although the *Cornell* court consolidated the two actions, it did so only after amending the applicable scheduling order to avoid prejudice. *Id*. at *4.

Finally, Defendants cite multiple cases where, unlike Plaintiff here, the non-moving parties did not oppose consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *Internet L. Libr., Inc. v. Southridge Cap. Mgmt., LLC*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004). Plaintiff here opposes consolidation, so these cases are inapplicable.

Plaintiff respectfully requests that the Court deny Defendants' motion to consolidate and the resulting 80-day fact-discovery period, and address the efficiencies to be gained from coordination through means that do not prejudice Plaintiff's ability to litigate this case. Should circumstances change without depriving the plaintiffs in the earlier-filed cases of a prompt resolution, such that consolidation would no longer result in an unreasonably short discovery period here, Plaintiff will happily confer with Defendants again about consolidation.

RESPECTFULLY SUBMITTED,

*/s/ Matthew Topic*

Jonathan Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Lauren Carbajal (*pro hac vice*)
Stephen Stich Match (No. 5567854)
Matthew Topic (*pro hac vice*)
Thomas Kayes (*pro hac vice*)
Steven Art (*pro hac vice*)

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
carbajal@loevy.com
match@loevy.com
matt@loevy.com
steve@loevy.com
kayes@loevy.com

October 18, 2024