UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE CENTER FOR INVESTIGATIVE
REPORTING, INC.,

                     Plaintiff,

     v.

OPENAI, INC., OPENAI GP, LLC, OPENAI,
LLC, OPENAI OPCO LLC, OPENAI GLOBAL
LLC, OAI CORPORATION, LLC, OPENAI
HOLDINGS, LLC, and MICROSOFT
CORPORATION,

                     Defendants.

Case No. 1:24-cv-04872-SHS-OTW

**ORAL ARGUMENT REQUESTED**

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
OPENAI DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT.........................................................................................................................1

    A. CIR Fails To State a Copyright Claim as to the "Abridgments" .............................1

        1. CIR Misstates the Applicable Legal Standard.............................................3

        2. CIR's So-Called "Abridgments" Are Not Infringements ............................4

    B. CIR Misconstrues the "Knowledge" Requirement for Contributory Liability................................................................................................................5

    C. The Complaint Fails to State a DMCA Claim .........................................................7

        1. CIR Lacks Article III Standing for its Section 1202 Claims .......................7

        2. CIR Is Not Among Those Authorized to Sue Under Section 1203(a) ..................................................................................................9

        3. CIR's Section 1202(b)(1) Claim Fails On The Merits.................................9

        4. CIR's Section 1202(b)(3) Claim Fails On The Merits...............................10

III. CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Argo Contracting Corp. v. Paint City Contractors*,
   No. 00-cv-3207, 2000 WL 1528215 (S.D.N.Y. Oct. 16, 2000) ............................................... 3

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010) ...................................................................................................... 6

*Arista Recs. LLC v. Usenet.com, Inc.*,
   633 F. Supp. 2d 124 (S.D.N.Y. 2009) ....................................................................................... 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2008) ................................................................................................................... 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................... 3

*BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
   881 F.3d 293 (4th Cir. 2018) ..................................................................................................... 6

*Castle Rock Ent., Inc. v. Carol Pub. Grp, Inc.*,
   150 F.3d 132 (2d Cir. 1998) ...................................................................................................... 4

*Clapper v. Amnesty Intern. USA*,
   568 U.S. 398 (2013) ................................................................................................................... 8

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 ............................................................................................................................... 5

*Doe 1 v. GitHub*,
   No. 22-cv-06823, 2024 WL 235217 (N.D. Cal. Jan. 22, 2024) ............................................. 10

*Effie Film, LLC v. Murphy*,
   564 F. App'x 631 (2d Cir. 2014) ............................................................................................... 4

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991) ................................................................................................................... 1

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ............................................................................................................. 5, 6

*Hoehling v. Universal City Studios, Inc.*,
   618 F.2d 972 (2d Cir. 1980) ...................................................................................................... 5

*Luvdarts, LLC v. AT&T Mobility, LLC*,
  710 F.3d 1068 (9th Cir. 2013) ................................................................................................ 6

*Main Street Legal Servs., Inc. v. Nat'l Sec. Council*,
  811 F.3d 542 (2d Cir. 2016) .................................................................................................... 3

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster*,
  545 U.S. 913 (2005) ................................................................................................................ 6

*Montgomery v. NBC Television*,
  833 F. App'x 361 (2d Cir. 2020) ............................................................................................ 3

*Nat. Res. Def. Council, Inc. v. U.S. Dept. of the Interior*,
  478 F. Supp. 3d 469 (S.D.N.Y. 2020) ..................................................................................... 9

*Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*,
  166 F.3d 65 (2d Cir. 1999) ...................................................................................................... 4

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ................................................................................................................ 8

*Raw Story Media, Inc. v. OpenAI, Inc.*,
  No. 24-cv-01514, 2024 WL 4711729 (S.D.N.Y. Nov. 7, 2024) .................................. 2, 3, 7, 8

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ................................................................................................................ 7

*Twin Peaks Prods., Inc. v. Publ'ns Intern., Ltd.*,
  996 F.2d 1366 (2d Cir. 1993) .................................................................................................. 4

*Warren v. ResMed Corp.*,
  No. 21-cv-8531, 2022 WL 2334055 (S.D.N.Y. June 28, 2022) .............................................. 3

*Y.Y.G.M. SA v. Redbubble, Inc.*,
  75 F.4th 995 (9th Cir. 2023) .................................................................................................... 6

**STATUTES**

17 U.S.C. § 1202(b) ........................................................................................................................ 9

**OTHER AUTHORITIES**

Anna Merlan, "Robert F. Kennedy Jr. Reveals Plans to Fire 600 Federal Health
  Workers," *Mother Jones* (Nov. 12, 2024),
  https://www.motherjones.com/politics/2024/11/robert-f-kennedy-jr-national-
  institutes-of-health/ ................................................................................................................. 2

David Birch, The Dark Side of the $100 Bill – Mother Jones, Snippings (Feb. 7, 2024), https://snippings.home.blog/2024/02/07/the-dark-side-of-the-100-bill-mother-jones/ ............................................................................................................... 8

S. Rep. 105-190 (1998) ................................................................................................................ 9

**I.     INTRODUCTION**

CIR insists that factual issues preclude granting OpenAI's motion to dismiss. But it ignores the fundamental and insurmountable *legal* flaws that require dismissal of several of its claims. The "abridgment" claim fails because the allegedly infringing ChatGPT outputs, on their face, are not substantially similar to protected expression in the articles at issue—a necessary element of a copyright infringement claim. Indeed, the only similarity at all is between unprotectible facts rather than protectible expression. The contributory infringement claim fails because CIR has not plausibly alleged that OpenAI had actual knowledge of or was willfully blind to specific acts of infringement, as required by the law. And the DMCA claims fail because (a) CIR lacks standing—a conclusion reinforced by a recent decision on a similar claim; (b) CIR has not plausibly alleged that OpenAI removed CMI with "reason to know" it would induce or facilitate infringement; and (c) CIR has not plausibly alleged distribution, let alone with scienter.

**II.    ARGUMENT**

    **A.     CIR Fails To State a Copyright Claim as to the "Abridgments"**

CIR's amended complaint ("FAC") alleges two distinct theories of copyright liability arising from ChatGPT's outputs: (1) "unauthorized regurgitation," *i.e.* when ChatGPT allegedly "provide[s] responses to users that regurgitate verbatim or nearly verbatim [preexisting text]," *see* FAC ¶¶ 79–85, and (2) "unlawful abridgment," *i.e.*, when ChatGPT allegedly provides "a bulleted list of [the] main points" discussed in a news article, *see id.* ¶¶ 86–98. OpenAI's Motion challenged the second theory on a simple point of law: the Copyright Act does not grant news publishers a monopoly over the facts they report, which means that "summariz[ing]" facts is not copyright infringement. *Id.* ¶ 91. This is not controversial: it is a "most fundamental axiom of copyright law." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344 (1991). Indeed, this

1

is precisely why CIR itself can re-report facts from other sources.[1]

Seemingly recognizing the infirmities with its "abridgments" claim, CIR now attempts to blur the lines between its two distinct theories of output infringement. It argues that, because OpenAI did not challenge "the regurgitation claim," "there is no reason to dismiss abridgments on substantial similarity grounds." Opp. 7. But this is just misdirection. CIR presented its "abridgments" claim as a separate and independent ground for relief, claiming that the four alleged examples included in the FAC were "abridgments of Plaintiff's articles [that] violate[] Plaintiff's copyrights." FAC ¶ 98 & Ex. 11; *id.* ¶¶ 79–85 ("Defendants' Unauthorized Regurgitation"); *see also id.* ¶ 132 ("[OpenAI] infringed Plaintiff's exclusive rights . . . by abridging those works in response to prompts by ChatGPT users."). Because the FAC establishes that those so-called "abridgments" do not constitute copyright infringement under the well-established substantial-similarity test, the claim is ripe for resolution now. *See* Mot. 10–13.

CIR's two other arguments on this issue are similarly wrong. First, CIR says that "dismissing abridgments now would tee up laborious line-drawing exercises [later in the case]." Opp. 7. But substantial similarity is by its very nature a "line-drawing exercise." As OpenAI explained (and CIR does not contest), courts engage in that "exercise" at the pleading stage when, as here, the facts necessary to analyze substantial similarity are contained in the Complaint. Mot. 9. And here, those facts conclusively establish CIR *cannot* show substantial similarity as to the alleged abridgments. That fatal flaw is properly addressed now. *Cf. Raw Story Media, Inc. v. OpenAI, Inc.*, No. 24-cv-01514, 2024 WL 4711729, at *5 (S.D.N.Y. Nov. 7, 2024) (rejecting, on Rule 12 motion, the notion that "*information* in [a news article] is copyrighted").

Second, CIR says "discovery is warranted" so it can engage in a fishing expedition into

---

[1] *See, e.g.*, Anna Merlan, "Robert F. Kennedy Jr. Reveals Plans to Fire 600 Federal Health Workers," *Mother Jones* (Nov. 12, 2024), https://www.motherjones.com/politics/2024/11/robert-f-kennedy-jr-national-institutes-of-health/ (summarizing facts "first reported by ABC News").

2

conversations of OpenAI's users in the hopes of finding examples of so-called "abridgments" that, it speculates, might cross the "substantial similarity threshold." Opp. 8. This does not work.[2] Indeed, CIR included a "representative sample" of so-called abridgments in its pleadings, FAC ¶ 92, to allegedly serve as the "factual matter" necessary to state a claim for relief, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Because those "abridgments" are non-infringing as a matter of law, CIR has "failed adequately to state a claim" and is "not entitled to discovery." *Main Street Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016).[3]

CIR nevertheless says there is a "fact dispute" as to whether the so-called abridgments are "substantially similar to the original[s]." Opp. 8. CIR is wrong both on the law and on the facts.

1. CIR Misstates the Applicable Legal Standard

CIR misunderstands the law of substantial similarity in two important respects. First, CIR suggests that its so-called "abridgments" are infringing as long as "[an] ordinary observer of a ChatGPT . . . abridgment . . . would conclude that the abridgments were *derived from* the articles being abridged." FAC ¶ 90 (emphasis added); *see also* Opp. 9 (same). This is wrong. What matters is not whether one work is "derived from" another, FAC ¶ 90, but rather whether "one work is substantially similar to the *protectible expression* in the other." *Montgomery v. NBC Television*, 833 F. App'x 361, 363 (2d Cir. 2020) (cleaned up) (emphasis added). Answering that question requires distinguishing between facts and ideas (which copyright does not protect) and

---

[2] CIR must state a claim *before* it gets discovery. *See, e.g., Warren v. ResMed Corp.*, No. 21-cv-8531, 2022 WL 2334055, at *5 (S.D.N.Y. June 28, 2022) (rejecting argument that discovery could provide basis for claim).

[3] *Argo Contracting Corp. v. Paint City Contractors* is not to the contrary—it held that, "[w]hen a plaintiff alleges [the existence of] a written agreement, but does not possess that agreement, courts generally allow discovery to take place." No. 00-cv-3207, 2000 WL 1528215, at *2 (S.D.N.Y. Oct. 16, 2000). Here, CIR has offered nothing more than speculation that there is some category of discoverable evidence that would support its claim. CIR also points to its allegation that a "website [called] Copyleaks" claims that "nearly 60% of the responses provided by Defendants' GPT-3.5 product contained some form of plagiarized content." FAC ¶ 4; *see* Opp. 8. CIR, however, says nothing about whether this report analyzed its articles (it did not). Judge McMahon recently brushed aside the exact same allegation when dismissing a closely related case filed by the same counsel. *Raw Story*, 2024 WL 4711729, at *5.

3

subject matter that is both expressive and original (which it does). *Id.* Here, because the purported "abridgments" recite only facts and broad themes from CIR articles, but do not copy verbatim or repeat what may be CIR's protected expression, they are not substantially similar.

Second, CIR errs by relying on cases discussing the standard for similarity in the context of *fictional* works—including, most notably, a case about an infringing "Complete Guide" to the show *Twin Peaks*, *see Twin Peaks Prods., Inc. v. Publ'ns Intern., Ltd.*, 996 F.2d 1366 (2d Cir. 1993).[4] CIR uses this case to suggest that one can state a claim for copyright infringement so long as works "resemble[]" each other or share "principal ideas." Opp. 8–9. But as the Second Circuit has cautioned, "[w]here the work at issue contains both protectible and unprotectible elements [like facts], the test must be 'more discerning,' excluding the unprotectable [facts] from consideration." *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 70 (2d Cir. 1999); *see also Effie Film, LLC v. Murphy*, 564 F. App'x 631, 632 (2d Cir. 2014) (courts "must look for substantial similarity between those elements, and only those elements, that provide copyrightability"). This is why, here, where *factual* works are at issue, courts focus on "the original elements in [the plaintiff's] presentation of those facts." *Nihon*, 166 F.3d at 70; *see id.* (suggesting that failure to apply this "more discerning" test would undermine the public's "right to republish the facts contained in [news] articles").

    2.    <u>CIR's So-Called "Abridgments" Are Not Infringements</u>

Viewed under that proper standard, each of the so-called abridgments—*i.e.*, ChatGPT Examples 1–3 of Exhibit 11, as well as the "Summary" portion of ChatGPT Example 4, *see* FAC Ex. 11 at 1–6, Mot. 10 n.8—are non-infringing for the reasons OpenAI identified. Mot. 10–13. Nothing CIR says establishes otherwise. CIR seemingly concedes that ChatGPT Examples 3 and

---

[4] CIR also cites a case about an infringing book of *Seinfeld* trivia, *see Castle Rock Ent., Inc. v. Carol Pub. Grp, Inc.*, 150 F.3d 132 (2d Cir. 1998).

4

4 are non-infringing as it does not advance any substantive arguments about alleged similarities in those works. Opp. 9, 11. CIR instead says that ChatGPT Example 1 infringes a *Mother Jones* article because both refer to the same statistic about the water consumption of alfalfa farms, which CIR claims is part of a "nuanced argument about water shortages in the Colorado River." *Id.* at 10. But the alleged abridgment recites only that alfalfa "consumes more than half of the water diverted from the river," not the "nuanced argument" CIR says is in its article. FAC Ex. 11 at 2. And even if it were an argument, that would not itself be subject to copyright protection. *See Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 978–79 (2d Cir. 1980) (interpretation of historical facts not copyrightable absent reproduction of protected expression). As to ChatGPT Example 2, CIR says that, because *Mother Jones* published an article with a "point-by-point" discussion of a viral Facebook post (which CIR does not own), a ChatGPT output that discusses the same post infringes CIR's copyright. Opp. 10. That is not the law. Nothing about the post is original to CIR, nor are the allegedly copied facts copyrightable "expressive points." *Id.* at 10; *see* Mot. 12 n.12. CIR cannot monopolize the statement that COVID-19 cannot "be killed in 26-27 Celsius weather." *Id.* Copyright does not protect facts, which is all CIR is attempting to control.

    **B.**    **CIR Misconstrues the "Knowledge" Requirement for Contributory Liability**

Contributory infringement requires two elements CIR fails to allege: (1) "actual knowledge" or "willful blindness" of (2) specific acts of infringement. CIR first contends that merely alleging that a party should have known of infringements generally—i.e., that the party had "constructive" knowledge of infringements—is sufficient. Opp. 13. Not so. The Supreme Court rejected exactly that argument in the patent context, holding that "actual knowledge" or "willful blindness" is required for secondary liability. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 642(2015); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769–71 (2011). And, as the Fourth Circuit has since held, the same rule applies for contributory copyright

5

infringement. *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 309 (4th Cir. 2018). CIR urges the Court to instead rely on *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010), claiming that the "Second Circuit expressly adopted" a "constructive knowledge" requirement. Opp. 13. But the relevant *Doe 3* passage, in addition to being dictum, used the phrase "reason to know," 604 F.3d at 118, which corresponds to a willful blindness standard[5]—consistent with the Supreme Court's *later* holdings in *Global-Tech* and *Commil*.

CIR attempts to avoid the second requirement by ignoring binding precedent. Opp. 13.[6] *Metro-Goldwyn-Mayer Studios Inc. v. Grokster* explained that courts may not "presum[e] or imput[e] intent . . . solely from the design or distribution of a product," even if the manufacturer "*knows [it] is in fact used for infringement*." 545 U.S. 913, 932–33 (2005). Instead, the "requisite mental state" "must be tied to *specific* infringements." *BMG*, 881 F.3d at 310–11;[7] *see* Mot. 15.

CIR's FAC does not plausibly allege that OpenAI had the requisite knowledge of any specific infringements of CIR's works. Instead, CIR speculates that, because OpenAI "admitted that [its] products regurgitate material," it must know of "specific instances of infringing regurgitations." Opp. 13. But that simply conflates specific and general knowledge. CIR also argues that a ChatGPT output stating it could not generate copyrighted content, Compl. ¶ 83, somehow means that OpenAI knows "that *specific* regurgitations are infringing." Opp. 13–14. That says nothing about infringement, let alone OpenAI's knowledge thereof. And an output that *refuses* to produce an alleged regurgitation cannot somehow be a "regurgitation" that is "infringing." *Id.* CIR's contention that someone else allegedly produced a regurgitation of a

---

[5] *See Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1001 (9th Cir. 2023). Willful blindness requires more than constructive knowledge. *See Global-Tech*, 563 U.S. at 769.

[6] The case CIR cites tied contributory infringement to knowledge of specific acts of infringement of Plaintiff's works: "Defendants were explicitly put on notice of the existence of thousands of copies of Plaintiffs' copyrighted sound recordings" on the service. *Arista Recs. LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 155 (S.D.N.Y. 2009).

[7] *See also Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072–73 (9th Cir. 2013)*; Mot. 11.

different article does not show that OpenAI knew of specific regurgitations of *CIR's* articles.

### C. The Complaint Fails to State a DMCA Claim

#### 1. CIR Lacks Article III Standing for its Section 1202 Claims

**No removal-based injury.** As OpenAI explained, the presence of a CMI-less work in an internal dataset does not create a concrete injury. Mot. 16–17. In response, CIR contends that it suffered an "injury" analogous to copyright infringement and it "need do no more." Opp. 17.

That exact argument was just rejected by Judge McMahon in *Raw Story*. There, Judge McMahon dismissed a materially identical Section 1202 claim because there, as here, the plaintiffs failed to allege a concrete injury sufficient to show Article III standing. 2024 WL 4711729, at *5. Judge McMahon disagreed that "interference with property provides the necessary 'close historical or common-law analogue' to Plaintiffs' alleged injury." *Id.* at *3. Rather, she explained, the DMCA's "purpose was not to guard against property-based injury"—it was to "protect[] copyright owners from specified interferences with the *integrity of a work's CMI*," which was *not* related to the traditional property rights conferred by copyright protection. *Id.* Judge McMahon further emphasized that she was "not convinced that the mere removal of identifying information from a copyrighted work—absent dissemination—has *any* historical or common-law analogue." *Id.* at *4. Because the *Raw Story* plaintiffs "ha[d] not alleged any *actual* adverse effects stemming from this [] DMCA violation," they had no standing to sue for damages. *Id.*

So too here. CIR has alleged no "*actual* adverse effects" from alleged removal of its CMI. Nor can CIR point to its copyright claim to bootstrap its injury; it must establish standing "for each claim that [it] press[es]." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). So CIR must point to injury from alleged CMI removal in particular—which it has not and cannot.

CIR's theory that it is entitled to OpenAI's profits, Opp. 21, fails for the same reason. CIR anchors this theory in "the analogy between DMCA injuries and copyright infringement," and the

7

availability of profits as a remedy for copyright infringement. *Id.* But as Judge McMahon held, a DMCA injury is *not* closely analogous to copyright infringement. 2024 WL 4711729, at *3. And this theory still fails to allege any "adverse effects" from alleged removal of CIR's CMI. *Id.* at *4.

**No dissemination-based injury.** The alleged exclusion of CMI from certain outputs likewise causes no concrete harm because CIR offers only outputs allegedly generated by using text of, or identifying information about, the original article. Mot. 17–18. CIR protests that, if its terms of use and copyright notice are not included in every reference to its articles, users will not know how they may use the article. Opp. 22. But a user searching for an article by its identifying information *would* already know where to find it, and thus how to find the information CIR alleges is omitted.[8] And if CIR's theory were correct, it would cause a concrete injury to other publications any time it quoted them without conveying *all* of their CMI. That cannot be right.

CIR's request for "jurisdictional discovery" is unavailing for the same reason that its alleged injury is not "certainly impending." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 410 (2013). CIR must show it is actually likely to be injured by user behavior—it cannot point only to "conjectur[e]." *O'Shea v. Littleton*, 414 U.S. 488, 493–94 (1974); Mot. 19–20. That is all it has done. Judge McMahon similarly held the *Raw Story* plaintiffs failed to allege "a substantial risk that ChatGPT" would output reproductions of their works. 2024 WL 4711729, at *4.

Moreover, CIR's alleged injury is not traceable to OpenAI because, as CIR's allegations show, what ChatGPT outputs is linked to the prompt that a user inputs. CIR resists this conclusion, arguing that OpenAI's alleged removal of CMI in the first instance must be the sole cause of ChatGPT's failure to output CMI. Opp. 23. But it is the user—here CIR—that determines whether

---

[8] That is true even for Example 4, which CIR insists would "confuse the user" because it includes two different links. But even the allegedly "confusing" link itself links to the full Mother Jones article anyway. *See* David Birch, The Dark Side of the $100 Bill – Mother Jones, Snippings (Feb. 7, 2024), https://snippings.home.blog/2024/02/07/the-dark-side-of-the-100-bill-mother-jones/.

8

to ask ChatGPT for information about the article, or—as CIR did—simply for a "continuation" of an article. *See* FAC Ex. 10. The allegedly CMI-less response to CIR's prompts for article continuations here is traceable only to CIR.

### 2. CIR Is Not Among Those Authorized to Sue Under Section 1203(a)

CIR's Section 1202(b) claims separately fail because CIR has not satisfied the DMCA's injury requirement. CIR argues that "injury" under Section 1203(a) is equivalent to Article III injury. Opp. 25. But the "canon against surplusage favors giving full effect to all of a statute's provisions." *Nat. Res. Def. Council, Inc. v. U.S. Dept. of the Interior*, 478 F. Supp. 3d 469, 484 (S.D.N.Y. 2020) (cleaned up). Section 1203(a) would mean nothing if a statutory violation alone was an "injury." And CIR's own cited Senate report says that Section 1203 "limits standing . . . to those persons injured by a violation of section 1201 or 1202." S. Rep. 105-190, at 38 (1998).

### 3. CIR's Section 1202(b)(1) Claim Fails On The Merits

CIR's Section 1202(b)(1) claim fails on the merits because CIR has not alleged any facts indicating that alleged removal of CMI was undertaken with "reasonable grounds to know[] that it will induce, enable, facilitate, or conceal [] infringement." 17 U.S.C. § 1202(b).

CIR first argues that scienter need not be alleged with specificity. Opp. 26–27. But CIR must still plead facts from which a reasonable inference of scienter can be drawn. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686–87 (2008) (alleging intent generally does "not give [a plaintiff] license to evade the less rigid . . . strictures of Rule 8"). CIR has failed to do so under any theory:

"*Concealing*." CIR leans on its conclusory allegation that, if ChatGPT had been trained on works containing CMI, its outputs would contain CMI, and asserts ipse dixit that the absence of CMI conceals infringement. Opp. 27 (quoting FAC ¶ 101). But this argument works no better for scienter than standing. And CIR does not explain how non-public data "conceals" anything.

"*Inducing*." CIR repeats its arguments, *supra* II.B, that OpenAI knew or should have

9

known that CMI removal would induce infringement. Opp. 29. That argument fails because CIR fails to plausibly allege that lack of CMI in outputs results from lack of CMI in training data.

"*Facilitation.*" CIR argues that, because CMI removal allegedly "facilitates" training, OpenAI knew or should have known that removal would "facilitate" infringement. *Id.* at 31. But the FAC alleges no facts suggesting that the creation of a system that "replicate[s] how ordinary English speakers express themselves" is itself an "infringement." FAC ¶ 119. And CIR fails to allege that CMI removal "facilitate[d]" one of its four alleged acts of infringement. Mot. 22–23.

### 4. CIR's Section 1202(b)(3) Claim Fails On The Merits

CIR also fails to plausibly allege that OpenAI "distribute[d]" "works" or "copies of works" without CMI and with scienter. *See* Mot. 24–25. None of its contrary arguments pass muster.

First, CIR argues that it has plausibly alleged distribution by pointing to a quote by Microsoft's CEO stating "we have the data." Opp. 32 (citing FAC ¶¶ 26–29). This does not plausibly allege that OpenAI did anything. CIR's other allegations about OpenAI and Microsoft's relationship do not explain how or when any specific data was allegedly shared.

Second, CIR argues that OpenAI made similar "works" or "copies," which it says is enough for identicality. Opp. 33. But even if true, courts have dismissed DMCA claims alleging distribution of modified works. *See, e.g., Doe 1 v. GitHub*, No. 22-cv-06823, 2024 WL 235217, at *9 (N.D. Cal. Jan. 22, 2024) ("functional[] equivalent" of original not identical).

Finally, CIR failed to allege that OpenAI "shared" any identical copies of CIR's works with scienter. CIR's attempt to simply equate training with infringement fails, as explained *supra*. And CIR fails to explain why allegedly sharing non-public data from one repository, with another non-public data repository, could conceal[]" or "facilitate" infringement. Mot. 25.

### III. CONCLUSION

OpenAI respectfully requests dismissal of the aforementioned claims with prejudice.

10

Dated: November 19, 2024

Respectfully Submitted,

By: /s/ *Andrew M. Gass*

**LATHAM & WATKINS LLP**

    Andrew M. Gass (*pro hac vice*)
     andrew.gass@lw.com
    Joseph R. Wetzel
     joseph.wetzel@lw.com
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111
    Telephone: 415.391.0600

    Sarang V. Damle
     sy.damle@lw.com
    Elana Nightingale Dawson (*pro hac vice*)
     elana.nightingaledawson@lw.com
    Michael David
     Michael.david@lw.com
    555 Eleventh Street, NW, Suite 1000
    Washington, D.C. 20004
    Telephone: 202.637.2200

    Allison L. Stillman
     alli.stillman@lw.com
    Rachel Renee Blitzer
     rachel.blitzer@lw.com
    Herman Yue
     Herman.yue@lw.com
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: 212.906.1200


By: /s/ *Rose S. Lee*

**MORRISON & FOERSTER LLP**

    Joseph C. Gratz (*pro hac vice pending*)
     jgratz@mofo.com
    Vera Ranieri (*pro hac vice*)
     vranieri@mofo.com
    Rose S. Lee (*pro hac vice*)[*]
     rlee@mofo.com
    425 Market Street
    San Francisco, CA 94105
    Telephone: 415.258.7522

    Eric K. Nikolaides
     enikolaides@mofo.com

        Emily C. Wood
         *ewood@mofo.com*
        250 West 55th Street
        New York, NY 10019-9601
        Telephone: 212.468.8000

        Carolyn Homer (*pro hac vice*)
         *chomer@mofo.com*
        2100 L Street, NW Suite 900
        Washington, D.C. 20038
         Telephone: 202.887.1500


By: /s/ *Paven Malhotra*

**KEKER, VAN NEST & PETERS LLP**
    Robert A. Van Nest (*pro hac vice*)
     *rvannest@keker.com*
    Paven Malhotra[*]
     *pmalhotra@keker.com*
    Michelle S. Ybarra (*pro hac vice*)
     *mybarra@keker.com*
    Nicholas S. Goldberg (*pro hac vice*)
     *ngoldberg@keker.com*
    Thomas E. Gorman (*pro hac vice*)
     *tgorman@keker.com*
    Katie Lynn Joyce (*pro hac vice*)
     *kjoyce@keker.com*
    Christopher S. Sun (*pro hac vice*)
     *csun@keker.com*
    R. James Slaughter (*pro hac vice*)
     *rslaughter@keker.com*
    Edward A. Bayley (*pro hac vice*)
     *ebayley@keker.com*
    Andrew F. Dawson (*pro hac vice*)
     *adawson@keker.com*
    Andrew S. Bruns (*pro hac vice*)
     *abruns@keker.com*
    633 Battery Street
    San Francisco, CA 94111-1809
    Telephone: 415.391.5400

*Attorneys for OpenAI Defendants*

---

[*] All parties whose electronic signatures are included herein have consented to the filing of this document in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.