UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION<br><br>Defendants. | Case No. 24-cv-04872-SHS-OTW |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff The Center for Investigative Reporting, Inc. ("CIR") writes to notify the Court of a recent order in *The Intercept Media, Inc. v. OpenAI, Inc.*, No. 24-cv-01515 (S.D.N.Y. Nov. 22, 2024), ECF No. 122, attached as Exhibit 1.  Like CIR, the news media plaintiff in that case brought 17 U.S.C. § 1202(b)(1) and 17 U.S.C. § 1202(b)(3) claims against OpenAI and Microsoft, which the defendants moved to dismiss for lack of standing and failure to state a claim.  The court denied OpenAI's motion to dismiss as to the Section 1202(b)(1) claim and dismissed the other claims.  It issued a bottom-line order.  CIR will update the Court when the *Intercept* court issues a full opinion.

Notably, CIR's claims and arguments under the DMCA mirror more closely those made by the *Intercept* plaintiff than the *Raw Story* plaintiff, whose claims were dismissed on standing

grounds by another judge of this Court.[1, 2]  The decision in *The Intercept* may thus prove more instructive for this case.

November 25, 2024                           Respectfully submitted,

*/s/ Stephen Stich Match*

Jon Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Lauren Carbajal (*pro hac vice*)
Stephen Stich Match (No. 5567854)
Matthew Topic (*pro hac vice*)
Thomas Kayes (*pro hac vice*)
Steven Art (*pro hac vice*)
Kyle Wallenberg (*pro hac vice*)

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
carbajal@loevy.com
match@loevy.com
matt@loevy.com
kayes@loevy.com
steve@loevy.com
wallenberg@loevy.com

---

[1] For the allegations: *Compare* First Amended Complaint, *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, No. 24-cv-4872 (S.D.N.Y. Sept. 24, 2024), ECF No. 88 *with* First Amended Complaint, *The Intercept Media, Inc. v. OpenAI, Inc.*, No. 24-cv-1515 (S.D.N.Y. June 21, 2024), ECF No. 87; *but see* Complaint, *Raw Story Media, Inc. v. OpenAI, Inc.*, No. 24-cv-1514 (S.D.N.Y. Feb. 28, 2024), ECF No. 1.

For the arguments: *Compare* Plaintiff's Combined Response to Defendants' Motions to Dismiss the First Amended Complaint, at 14-35, *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, No. 24-cv-4872 (S.D.N.Y. Nov. 5, 2024), ECF No. 133 *with* Plaintiff's Combined Supplemental Memorandum of Law in Opposition to Microsoft's and OpenAI Defendants' Motions to Dismiss, at 3-24, *The Intercept Media, Inc. v. OpenAI, Inc.*, No. 24-cv-1515 (S.D.N.Y. July 15, 2024), ECF No. 90; *but see* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, at 5-20, *Raw Story Media, Inc. v. OpenAI, Inc.*, No. 24-cv-1514 (S.D.N.Y. May 13, 2024), ECF No. 70.

[2] The *Raw Story* plaintiff has recently sought leave to replead.  *See* Plaintiffs' Memorandum of Law in Support of Their Motion for Leave to Amend Complaint or, in the Alternative, to Continue Taking Jurisdictional Discovery, *Raw Story Media, Inc. v. OpenAI, Inc.*, No. 24-cv-1514 (S.D.N.Y. Nov. 21, 2024), ECF No. 119.