


January 16, 2025

**VIA ECF**

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *The New York Times Company v. Microsoft Corp.*, No. 23-cv-11195; *Daily News, LP v. Microsoft Corp.*, 1:24-cv-3285; *Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, 1:24-cv-04872: Response to Custodial Search Terms Motion (Dkt. 381)

Dear Magistrate Judge Wang:

Microsoft submits this response to the January 13, 2025 letter from Plaintiffs The New York Times Company, Daily News, LP, et al., and The Center for Investigative Reporting, Inc. (collectively, "News Plaintiffs") regarding News Plaintiffs' proposed custodial search terms for Microsoft's documents (ECF 381).

Microsoft's central focus has consistently been to reach a final, mutually agreeable set of search terms that is appropriately narrowed to capture documents relevant to this case, rather than an agreement as to an arbitrary number of documents for review. ECF 381-1 at 4. To achieve these ends, Microsoft has willingly and cooperatively engaged in good faith negotiations with News Plaintiffs. One of News Plaintiffs' original search term proposals in July 2024 yielded almost 2 million parent-level hits on only 6 custodians. ECF 381-1 at 41. As Microsoft agreed to add more custodians, which now total more than 30, the hit counts continued to grow. *See, e.g., id.* at 40 (nearly 6 million parent-level hits for 14 custodians). Microsoft has repeatedly requested that News Plaintiffs tailor their search terms to focus on terms that are relevant to the specific issues of this case. *See, e.g., id.* at 32-34. Because the proposed search terms were entirely unwieldy, Microsoft attempted to assist the News Plaintiffs by providing more targeted searches that resulted in several thousand parent-level items for just 17 custodians, but the News Plaintiffs perplexingly refused to accept that assistance and adopt that proposal. *Id.* at 18. Despite all of Microsoft's efforts to focus the search term proposals, News Plaintiffs continue to request terms that are far too broad and encompass issues outside of this case, resulting in over a million parent-level hits. *Id.* at 13-14. Worse yet, these proposals do not include the additional 6 months of documents that News Plaintiffs are now requesting or the additional search terms News Plaintiffs intend to add to address some of the other discovery issues before the Court. *See id.* at 9 ("[For RFP Nos. 113 and 114, a]s for custodial documents, we have proposed ***and/or will propose search terms*** to capture responsive documents.") (emphasis added); *id.* at 11 ("[For RFP No. 123, a]s for custodial documents, if you agree not to withhold any responsive documents that hit on the search terms we have proposed ***and/or will propose*** . . . .") (emphasis added). While document discovery needs to be efficiently brought to a close, an arbitrary cap effectively doubling Microsoft's total hit counts will have the opposite effect.

Indeed, it is not clear to Microsoft what relief News Plaintiffs now seek given that Microsoft has already reviewed over ***600,000 custodial documents*** for production, which has

Honorable Ona T. Wang - 2 - January 16, 2025

resulted in production of more than 132,000 documents consisting of more than 1 million pages, with additional custodial documents in the collection and production queue. It may be that News Plaintiffs are requesting review of an *additional* 600,000 documents hitting only their own search terms. *See id.* at 3 (seeking clarity on proposal). This would effectively require Microsoft to review over 1.2 million documents given that the hit counts Microsoft provides in response to the search term requests are unique and de-duplicated against documents that have already been collected for review.

Crucially, News Plaintiffs do not make this request based on any showing that Microsoft's production is incomplete or deficient. They do not mention any category of documents that they have not received. Indeed, they don't mention any discovery request at all. The Federal Rules do not support the argument that an arbitrary number of search hits—completely disconnected from any showing of relevance or proportionality—must be achieved before discovery is deemed adequate.

Microsoft agrees that it is time for negotiations over News Plaintiffs' proposed terms to conclude. However, News Plaintiffs' demand for an arbitrary 600,000 hit cap is not a viable solution given (1) the overly broad search terms that News Plaintiffs continue to propose and that, as of this filing, still yield **over a million hits** at the parent level (meaning the true number of documents is likely at least 1.5 million) (*see* ECF 381-1 at 14)[1]; and (2) the fact that Microsoft has already run its own broad search terms—which were shared up front with News Plaintiffs—based on its understanding of the documents requested by News Plaintiffs in their RFPs, resulting in review of over 600,000 custodial documents to date. News Plaintiffs' demand for documents without regard to scope or relevance does nothing to facilitate efficiency and productivity in discovery. Imposing such an obligation on Microsoft at this stage of the process will only achieve the opposite.

News Plaintiffs are now trying to take advantage of this Court's Order requiring the 600,000 hit count cap for OpenAI without any basis for obtaining 600,000 hit count cap at this late stage in discovery from Microsoft. The Order as to Open AI was entered more than three months ago when collection and review efforts were still in a nascent stage, as OpenAI had only collected approximately 130,000 documents at that time. News Plaintiffs' attempt to impose the same 600,000 hit count cap on Microsoft <u>after</u> Microsoft has already reviewed more than 600,000 documents on its own is something entirely different. Moreover, Microsoft and OpenAI are different parties and are not similarly situated with respect to custodial search term negotiations, and News Plaintiffs' attempt to impose a one-size-fits-all approach to custodial discovery on Microsoft despite differences in both the timing and the parties is both unnecessary and unduly burdensome.

Microsoft maintains, as it has proposed to News Plaintiffs, that the parties should continue to focus on the substantive aspects of custodial search term negotiations as opposed to an arbitrary hit count cap that has already been met by Microsoft. As to News Plaintiffs' proposed date range cutoff, Microsoft agrees to run News Plaintiffs' requested search terms on documents up to and including July 1, 2024, based on News Plaintiffs' agreement that these documents will count toward any cap imposed by the Court or agreed upon by the parties.

---

[1] Even after further negotiation, this number is highly unlikely to get to a reasonable number or result in less than 500,000 unique parent-level documents.

Honorable Ona T. Wang — - 3 - — January 16, 2025

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/  Annette L. Hurst* | */s/  Jared B.Briant* |
| Annette L. Hurst | Jared B. Briant |

*Counsel for Defendant Microsoft Corporation*