

April 1, 2025

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record Line (via ECF)

**Re:** <u>*The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, Case No. 1:24-cv-04872-SHS-OTW</u>

Dear Judge Wang:

OpenAI respectfully requests a pre-motion conference to address The Center for Investigative Reporting ("CIR")'s refusal to add ESI custodians, each of whom CIR has admitted possesses "unique, relevant and noncumulative evidence." *Coventry Cap. US LLC v. EEA Life Settlements*, *Inc.*, No. 17-cv-7417, 2021 WL 961750, at *2 (S.D.N.Y. Mar. 15, 2021).[1]  CIR's complaint seeks tens of millions in statutory damages based on sweeping allegations of copyright infringement and DMCA violations associated with tens of thousands of articles.  Yet CIR insists that **three individual custodians** are sufficient to respond to over 80 RFPs for which it has agreed to produce responsive documents, even in the face of admissions by its CEO that numerous categories of responsive documents are not in the possession of CIR's current custodians.[2]  *See infra* 2–3.

OpenAI first sought additional CIR custodians on January 9, 2025, following CIR's disclosure of three individual custodians: CEO Monika Bauerlein; CFO Madeleine Buckingham;  and VP of Media Sales and Business Development Khary Brown.[3]  Ex. A at 8–9.  Despite three separate requests by OpenAI for the addition of custodians more directly engaged in CIR's revenue operations and the creation and publishing of its works, CIR has refused to add even a single individual custodian (compared to OpenAI's 36 custodians).  *Id.* at 1–2, 6–9; Ex. B at 16–18; Ex. C at 2.  CIR's refusal to offer any additional custodians reflects CIR's broader neglect of its own discovery obligations throughout this litigation, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *see* Ex. D; Ex. E, and repeatedly responding to OpenAI's search term and custodian proposals a week or more after the applicable deadlines in the ESI Order.  *See* Ex.

---

[1] The parties conferred in good faith by videoconference on March 28, as well as by written correspondence for several months before the conference. CIR offered, for the first time shortly before the filing of this motion, that it would be "willing to ***possibly consider***" specific targeted search terms only for three additional custodians and "***might consider*** a limited number of tailored additional search terms" to fill in any gaps.  Ex B at 1 (emphasis added).  CIR's offer, which commits them to nothing, only serves to continue to kick the can down the road.

[2] CIR initially also agreed to collect documents from three company e-mail accounts that purportedly contain documents relating to copyright registration, infringement claims against CIR, and third-party requests. All three, however, are only associated with Mother Jones—one of the two publications that CIR alleges in the Complaint. CIR only agreed to add a fourth account relating to the other CIR publication, Reveal, after OpenAI independently discovered its existence, contrary to CIR counsel's representations that such account did not exist. *See* Ex. A at 1–2.

[3] OpenAI served the bulk of its discovery requests on October 2, 2024 and November 20, 2024.

1

A at 1–2, 6; Ex. B at 14.  OpenAI has already been prejudiced by CIR's delays, and with the interim fact discovery deadline less than a month away, OpenAI cannot afford to wait any longer.

CIR cannot justify its unwillingness to add the proposed custodians.  CIR's demand, for example, that OpenAI first review its production before seeking additional custodians conveniently ignores CIR's delay in producing responsive documents.  Despite agreeing to produce documents for the bulk of CIR's document requests in December 2024, CIR's production until only two weeks ago totaled barely 1,000 documents consisting primarily of basic records regarding copyright ownership.  Insisting that OpenAI wait to seek additional custodians until it first reviews document productions CIR has delayed making is pure gamesmanship.  And a preliminary review of CIR's most recent production indicates that it continues to be deficient in key categories of documents that it has admitted current custodians do not possess, for example, documents relating to the alleged addition of copyright management information to its articles and modifications to exclusion protocols for CIR's websites.  *See infra* 2–3.  CIR also asserts that the size of the organization warrants its refusal to add more custodians and that it would engage in unspecified "manual collections" to cure any gaps in its search term-based collection.  Ex. A at 8;  Ex. C at 2.  But an organization's size, alone, is not a basis for refusing to include custodians possessing "relevant and noncumulative evidence."  *Coventry Cap.*, 2021 WL 961750, at *2; Ex. A at 6–7; Ex. B at 16–18.  And CIR's insistence that its collection of documents from "decisionmakers" in its organization should be sufficient, *see, e.g.*, Ex. C at 2, likewise does not withstand scrutiny: no *per se* rule exists that only those with decision-making authority possess relevant documents, particularly in the face of deposition testimony to the contrary.  *See infra* 2–3.  Notably, over the course of months of correspondence, CIR has failed to identify any specific burden it would allegedly suffer from the inclusion of additional custodians.

CIR should be required to add the following custodians:

**Robert Wise (Director of Online Technology).**  CIR agreed to produce documents responsive to OpenAI's RFPs relating to exclusion protocols for CIR's websites and the alleged addition of copyright management information ("CMI") to articles on its websites.  Ex. F at 8 (RFP 34); Ex. G at  2 (RFPs 107 and 108); Ex. A at 4 (RFP 101).  However, CIR's custodial 30(b)(6) deposition witness and current custodian Bauerlein confirmed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. H at 184:6-185:4 (emphasis added).  Bauerlein further testified that Wise is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 20:15-20:17, 122:2-3, 125:8-11; 169:12-171:16; 186:17-23.  Wise is therefore likely in possession of "unique, relevant and noncumulative" documents that are not otherwise in the possession of CIR's current custodians.  *Coventry Cap.*, 2021 WL 961750, at *2.  CIR has also implicitly acknowledged that manual collection is not sufficient to cover the scope of these RFPs, having proposed search terms to identify responsive documents for RFP 34.  *See* Ex. A at 14.

**Marla Jones-Newman (VP for People and Culture).**  CIR agreed to produce documents showing



"[CIR]'s ownership of the asserted works, including any applicable employment and work-for-hire agreements" in response to OpenAI's RFP 12. Ex. A at 18. But Bauerlein testified that ▮▮▮▮▮ Ex. H at 179:9-17. Bauerlein testified that ▮▮▮▮▮ *Id.* at 179:3-8. Jones-Newman is therefore likely in possession of "unique, relevant and noncumulative" documents that are not otherwise in the possession of CIR's current custodians. *Coventry Cap.*, 2021 WL 961750, at *2.

**Emily Harris (Director of Finance).** CIR agreed to produce documents responsive to OpenAI's RFPs seeking documents and correspondence relating to CIR's analyses of "trends in readership or online subscriptions," "the financial value of content on each of [CIR's] Websites," and "the performance of content." Ex. F at 7–8 (RFPs 31–33). But Bauerlein testified that ▮▮▮▮▮ Ex. H at 162:3-18. According to Bauerlein, ▮▮▮▮▮ *Id.* at 160:12-161:22. Harris is therefore likely in possession of "unique, relevant and noncumulative" documents that are not otherwise in the possession of CIR's current custodians. *Coventry Cap.*, 2021 WL 961750, at *2.

**Ruth Murai (Research Director).** CIR agreed to produce documents responsive to OpenAI's numerous RFPs relating to plagiarism or the originality of CIR's works. Ex. F at 2, 8 (RFPs 7, 35, and 36); Ex. A at 18 (RFP 57). CIR also agreed to produce "documents regarding [CIR's] use of the Defendants' Gen AI tools in reporting or presentation of content." Ex. A at 17. But Bauerlein testified that ▮▮▮▮▮ Ex. H at 145:3-7. Instead, Bauerlein testified that ▮▮▮▮▮ *id.* at 143:10-145:2, ▮▮▮▮▮ urai is therefore likely in possession of "unique, relevant and noncumulative" documents that are not otherwise in the possession of CIR's current custodians. *Coventry Cap.*, 2021 WL 961750, at *2.

**Editors in Possession of Documents Relating to Use of Third-Party Works.** CIR agreed to produce documents responsive to OpenAI's numerous RFPs relating to CIR's use of third-party content and associated requests for permission and licensing programs. Ex. F at 8, 15 (RFPs 35, 36 and 72); Ex. A at 18 (RFPs 51–52). But Bauerlein testified that ▮▮▮▮▮ Ex. H at 137:22-142:22. Instead, Bauerlein testified that ▮▮▮▮▮ *Id.* at 140:14-141:2. Further, as CIR itself has acknowledged, manual collection is not sufficient to cover the scope of these RFPs. *See* Ex. A at 14 (CIR counsel's email attaching proposed custodial search terms for RFP 51–52 and 72). CIR should therefore agree, at a minimum, to add ▮▮▮ as a custodian.

For reasons above, the Court should compel CIR's addition of the aforementioned custodians.

                                              Respectfully,

| KEKER, VAN NEST & PETERS LLP[*] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP[*] |
|---|---|---|
| */s/ Michelle S. Ybarra*<br>Michelle S. Ybarra | */s/ Elana Nightingale Dawson*<br>Elana Nightingale Dawson | */s/ Rose S. Lee*<br>Rose S. Lee |

---

[*] All parties whose electronic signatures are included herein have consented to the filing of this document.