# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, <br><br> Defendants. | Case No. 24-cv-04872-SHS-OTW |

**PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (Nos. 1-106)**

Plaintiff The Center for Investigative Reporting, Inc. provides the following responses to Defendant OpenAI OpCo, LLC's First Set of Requests for Production of Documents and Things (Nos. 1-106), subject to the General Objections provided below, which are incorporated into each response unless otherwise noted.

**REQUEST FOR PRODUCTION NO. 1: Documents and Communications Relating to the alleged reproduction, abridgement, public display, or distribution of Your Asserted Works via GPT Services.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 2: Documents and Communications Regarding any attempt by You, including failed attempts, to reproduce any of Your Asserted Works via GPT Services.**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 3:  Documents and Communications Relating to any outputs of GPT Services that allegedly summarize, quote, abridge or otherwise reference Your Asserted Works.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 4:  Documents sufficient to show each of the OpenAI accounts You or Your Agents have created or used, including without limitation Documents sufficient to show the full name associated with the account(s), the username(s) for the account(s), email address(es) associated with the account(s), the organization ID and name associated with the account(s), and date of registration or activation for the account(s).**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 5:  Documents and Communications Relating to any allegations that any of Your Asserted Works infringe any third-party rights.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 6:  Documents and Communications Relating to any complaints by any Person Regarding alleged plagiarism in Your Asserted Works.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 7:  Documents sufficient to identify the expressive, original, and human-authored content of each of Your Asserted Works.**

**RESPONSE:**  Plaintiff directs Defendants to the websites https://www.motherjones.com/ and https://revealnews.org/, as well as Bates Numbers CIR0000001-CIR0002361. Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 8:  Documents sufficient to identify the non-expressive, non-original, or non-human authored content of each of Your Asserted Works.**

**RESPONSE:**  Plaintiff disputes that any of the asserted works have any such content.

Plaintiff incorporates its response to RFP No. 7.

**REQUEST FOR PRODUCTION NO. 9:  Documents sufficient to show each and every written work that informed the preparation of each of Your Asserted Works, regardless of its length, format, or medium.**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 10:  Documents and Communications Relating to any disputes as to the ownership of Your Asserted Works, including but not limited to DMCA Takedown Notices or other copyright infringement removal requests received by You.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 11:  Communications with the United States Copyright Office Regarding Your Asserted Works, including but not limited to copyright registration applications and deposit copies.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 12:  Documents and Communications Relating to Your ownership of the Asserted Works, including agreements Related to the authorship of Your Asserted Works and work-for-hire agreements.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce non-privileged,

responsive documents sufficient to show Plaintiff's ownership of the asserted works, including

any applicable employment and work-for-hire agreements.

**REQUEST FOR PRODUCTION NO. 13:  Documents and Communications Relating to Your knowledge of the alleged use of Your Asserted Works for training GPT Services.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 14: Documents and Communications Relating to any arrangement or agreement by which You permitted a third party to reproduce or display Your Asserted Works, or any part thereof, in print or on the Internet, regardless of whether the arrangement or agreement was commercial or non-commercial.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 15: Documents and Communications Relating to Your investigation of the claims alleged in the Complaint.**

**RESPONSE:** Plaintiff objects to this request on the grounds of attorney-client privilege

and attorney work product.

**REQUEST FOR PRODUCTION NO. 16: Documents and Communications Relating to the creation of Exhibit 10 and Exhibit 11 of the Complaint, including but not limited to Documents and Communications with any third party or Agent.**

**RESPONSE:** Plaintiff objects to this request on the grounds of attorney-client privilege

and attorney work product.

**REQUEST FOR PRODUCTION NO. 17: Documents sufficient to show each of the prompts You or Your Agents have entered into GPT Services, including without limitation Documents sufficient to show any system prompts used, any relevant parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, presence penalty), the date and time on which that prompt was entered, the user account used, and each resulting output.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 18: Documents sufficient to show the process for obtaining each GPT Services output cited or referred to in the Complaint, including without limitation the full chat log (including prior iterations or regenerations of outputs), the prompts used, any system prompts used, any relevant parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, and presence penalty), each and every output**

- 4 -

generated by GPT Services as a result of each prompt and parameter combination, the time and date of those queries, and the user account.

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 19:** Documents sufficient to show people most knowledgeable about Your use (including use by Your Agents, Employees, or third parties at Your direction) of GPT Services to derive any of the outputs cited or referred to in the Complaint and any other outputs on which You plan to rely upon in support of Your claims in this Litigation.

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20:** Documents and Communications between You and other news, media, or writers' organizations and publishers, as well as any other named plaintiff in In re ChatGPT Litigation, Master File No. 3:23-cv-03223 and Millette v. OpenAI, No. 5:24-cv-04710 in the Northern District of California, and Authors Guild v. OpenAI Inc., No. 1:23-cv-08292, Alter v. OpenAI Inc., No. 1:23-cv-10211, Basbanes v. Microsoft, No. 1:24-cv-00084, The Intercept Media, Inc. v. OpenAI, Inc., No. 1:24-cv-01515, New York Times Co. v. Microsoft, 3:23-cv-11195, Daily News et al. v. Microsoft, No. 1:24-cv-03285, and Raw Story Media, Inc. v. OpenAI, Inc., No. 1:24-cv-01514 in the Southern District of New York, directly or through any Employee, Agent, or third party, Related to the use of published and/or copyrighted material in connection with artificial intelligence, including for training Generative AI.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 21:** Documents and Communications between You and other news, media, or writers' organizations and publishers, directly or through any Employee, Agent, or third party, Relating to decisions about whether to license works to OpenAI for purposes of training GPT Services.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 22:** Documents and Communications Relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 23:  Documents sufficient to show Your total revenue, broken down by source and by Website, including without limitation licensing revenue, advertising revenue, revenue from affiliate links, subscription revenue by subscription type, whether personal or commercial, online or print for each month beginning January 2015 to the present.**

**RESPONSE:**  Plaintiff will produce profit and loss documents responsive to this request

from 2019 to the present. Plaintiff otherwise objects on the basis of relevance and

proportionality.

**REQUEST FOR PRODUCTION NO. 24:  Documents sufficient to calculate or estimate per-display revenues associated with Your Asserted Works by source, including without limitation revenues from subscriptions, advertising revenues (including cost per impression), and revenues from affiliate links. Each metric shall include both (i) the total number since the work's publication and (ii) a breakdown by month from month of publication to the present.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 25:  Documents sufficient to show the total page views for each of Your Asserted Works for each month, beginning with the month of the work's publication to the present.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 26:  Documents sufficient to show the total page views for each of Your Asserted Works for each hour of each day during the 14-day period following its publication.**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 27:  Documents sufficient to show the number of times each of Your Asserted Works were shared on social media platforms for each hour of each day during the 14-day period following its publication.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 28: Documents sufficient to show Your monthly expenses Relating to the creation of Your Asserted Works, broken down by category of expense (including, without limitation, travel, research sources, and salaries) and category of content.**

**RESPONSE:** Plaintiff will produce profit and loss documents responsive to this request

from 2019 to the present. Plaintiff otherwise objects on the basis of relevance and

proportionality.

**REQUEST FOR PRODUCTION NO. 29: Documents and Communications Relating to licenses or attempts to license Your Asserted Works for reproduction, preparation of derivative works, distribution, display, or performance by businesses (including, but not limited to, artificial intelligence companies, academic institutions, non-profit organizations, or other legal entities), including without limitation enterprise licenses, archive licenses, Generative AI licenses, and licenses for text and data mining.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 30: Documents sufficient to show the number of active subscribers You have for each Website for each month beginning January 2015 to the present.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 31: Documents and Communications Relating to formal or informal analyses Relating to trends in readership or online subscriptions and the causes thereof.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 32: Documents sufficient to show how You analyze the financial value of content on each of Your Websites and the results of such**

**analyses, including without limitation analyses of the financial value of page views and other indicators of financial performance.**

      **RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

      **REQUEST FOR PRODUCTION NO. 33:  Documents and Communications Relating to formal or informal analyses of the performance of content published on each of Your Websites, including without limitation analysis of methods to evaluate that performance.**

      **RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

      **REQUEST FOR PRODUCTION NO. 34:  Documents and Communications Relating to Your use or potential use of Exclusion Protocols on Your Websites, including without limitation Documents sufficient to show the time periods during which You implemented such Exclusion Protocols on Your Websites.**

      **RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

      **REQUEST FOR PRODUCTION NO. 35:  Documents sufficient to show Your policies and procedures Regarding the use of third-party sources (including third-party texts) in Published Works You created.**

      **RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

      **REQUEST FOR PRODUCTION NO. 36:  Documents sufficient to show Your use of third-party sources (including third-party texts) in Published Works You created.**

      **RESPONSE:**  Plaintiff objects to this request to the extent it applies beyond the asserted

works. Plaintiff will conduct a reasonable search and produce any non-privileged, responsive

documents as to the asserted works.

      **REQUEST FOR PRODUCTION NO. 37:  Documents and Communications Relating to any commercial arrangements through which You obtain access to third-party content for use by Your Employees, including without limitation enterprise subscriptions to other news sources, research databases, and online libraries.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 38: Documents and Communications Relating to any commercial arrangements by which third parties reproduce, distribute, display, or perform Your Asserted Works, including without limitation agreements Relating to syndication.**

**RESPONSE:** Plaintiff will produce documents responsive to this request in connection with Plaintiff's response to Defendants' Request for Production No. 14.

**REQUEST FOR PRODUCTION NO. 39: Documents sufficient to show Your policies and procedures Regarding the use of Generative AI by Your Employees.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 40: Documents sufficient to show any use of Generative AI by Your Employees in the scope of their work for You.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 41: Documents sufficient to show Your policies and procedures Regarding Your publication of works that contain non-human authored content.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 42: Documents sufficient to show Your publication of works that contain non-human authored content.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case. To the extent any asserted works were created with sufficient use of non-human authorship to preclude copyright protection for the asserted work, Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 43:  Documents and Communications Relating to any contemplated use of Generative AI by Your Employees, including Communications with any Generative AI company Regarding that potential use.**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 44:  Documents sufficient to show any training programs You plan to implement or have implemented Regarding Generative AI.**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 45:  Documents sufficient to show any past and present efforts or future plans to utilize Generative AI in Your reporting and presentation of content, including but not limited to print articles, online articles, blog posts, videos, and graphics.**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 46:  Documents sufficient to show Your total revenue generated from licenses through the Copyright Clearance Center each year from 2015 to the present.**

**RESPONSE:**  Plaintiff will produce profit and loss documents responsive to this request from 2019 to the present. Plaintiff otherwise objects on the basis of relevance and proportionality.

**REQUEST FOR PRODUCTION NO. 47:  Documents and Communications Relating to any efforts You have undertaken to separate Your reporting on OpenAI and Your activities underlying the preparation and prosecution of this Lawsuit.**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 48:  Documents and Communications between You and any United States government or regulatory agencies Relating to Generative AI, including this Litigation.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 49:** Documents and Communications Relating to any efforts undertaken by You to enforce any alleged copyrights for any of Your Asserted Works against anyone, or to monitor for or investigate infringement of Your Asserted Works.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 50:** Documents and Communications produced or provided to You by any third party in this Litigation or Concerning this Litigation.

**RESPONSE:** Plaintiff will produce any documents provided to it in response to any subpoena in this case.

**REQUEST FOR PRODUCTION NO. 51:** Documents and Communications Regarding any requests by You to any third party requesting permission to quote, reference, or otherwise use in Your Asserted Works content not owned or copyrighted by You.

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 52:** Documents and Communications Regarding licenses You have acquired in which You have obtained permission to quote, reference, or otherwise use in Your Asserted Works content not owned by You.

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 53:** Documents and Communications Concerning OpenAI's alleged use of Your Asserted Works for training GPT Services.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 54:  Documents and Communications Concerning OpenAI's relationship with Plaintiff.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 55:  Documents and Communications Concerning any alleged impact of GPT Services on Your business and/or revenues.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 56:  Documents and Communications Concerning the benefits of GPT Services to You or journalism generally.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 57:  Documents and Communications Relating to Your procedures and efforts to detect or prevent plagiarism in any of Your Published Works.**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 58:  Documents and Communications Regarding projected or anticipated compensation for the exploitation of Your Asserted Works by any other person or entity, including but not limited to, sales projections, royalty projections, future licensing plans, or any other Documents evidencing projections of future compensation.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 59:  Documents pertaining to any allegations or claims raised by You Relating to intellectual property infringement or any assertions of intellectual property rights, including Documents pertaining to proceedings involving such claims in any forum (including civil, criminal, and bankruptcy proceedings, as well as arbitrations and other quasi-judicial proceedings) to which You are or were a party or testifying witness, including, but not limited to, Documents sufficient to identify such proceedings; copies of any witness statements, declarations/affidavits, deposition**

transcripts, or other written or oral testimony You provided (sworn or unsworn); and the Documents pertaining to the final disposition of the matter, whether by judgment, settlement, dismissal, or other conclusion.

      **RESPONSE:**  Plaintiff will conduct a reasonable search and produce any responsive,

non-privileged documents.

      **REQUEST FOR PRODUCTION NO. 60:  Documents pertaining to any allegations or claims raised against You Relating to intellectual property infringement or any assertions of intellectual property rights, including Documents pertaining to proceedings involving such claims in any forum (including civil, criminal, and bankruptcy proceedings, as well as arbitrations and other quasi-judicial proceedings), including, but not limited to, Documents sufficient to identify such proceedings; copies of any witness statements, declarations/affidavits, deposition transcripts, or other written or oral testimony You provided (sworn or unsworn); and the Documents pertaining to the final disposition of the matter, whether by judgment, settlement, dismissal, or other conclusion.**

      **RESPONSE:**  Plaintiff will conduct a reasonable search and produce any responsive,

non-privileged documents.

      **REQUEST FOR PRODUCTION NO. 61:  Documents and Communications Regarding any study, survey, or other research Regarding any alleged market for Your Asserted Works or the alleged impact of Generative AI on the journalism market, regardless of whether conducted by You or some other entity, from January 1, 2018 to present.**

      **RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

      **REQUEST FOR PRODUCTION NO. 62:  Documents and Communication Regarding Your allegation that OpenAI's conduct in this Case was willful, as alleged in Paragraph 133 of the Complaint.**

      **RESPONSE:**  Plaintiff will conduct a reasonable search and produce any responsive,

non-privileged documents.

      **REQUEST FOR PRODUCTION NO. 63:  Documents sufficient to show all of the copyright management information You contend is associated with Your Asserted Works.**

      **RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 64:** Documents and Communications Relating to Your coverage of lawsuits that You are a party to, including Your processes and discussions Regarding the coverage of these lawsuits.

RESPONSE: Plaintiff objects to the term "coverage" as vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 65:** Documents and Communications Concerning any Generative AI tools and product features, or prototypes thereof, You are building, considering implementing, and/or have implemented.

RESPONSE: Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 66:** Documents You considered for use as training data to train any Generative AI prototypes, tools, or products You are developing or have already implemented.

RESPONSE: Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 67:** Documents You used as training data to train any Generative AI prototypes, tools, or products You are developing or have already implemented.

RESPONSE: Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case

**REQUEST FOR PRODUCTION NO. 68:** Documents and Communications Concerning the rules or guidance for choosing what is and is not included in the training dataset for any Generative AI prototypes, tools, or products You are developing or have already implemented.

RESPONSE: Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 69:** Documents and Communications Regarding Your contention that "abridgements" from GPT Services "often serve as a substitute for the original articles even when they are not complete," as alleged in Paragraph 97 of the Complaint.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 70:** Documents and Communications Relating to how Your claim to have "developed ways to gain revenue for [Your] reporting, including license, advertising, and affiliate revenue, and ha[ve] created partnership agreements and programs . . . to bring in new revenue," as alleged in Paragraph 3 of the Complaint.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 71:** Documents and Communications Relating to how GPT Services allegedly "undermine and damage [Your] relationship with potential readers, consumers, and partners, and deprive [You] of subscription, licensing, advertising, and affiliate revenue, as well as donations from readers," as alleged in Paragraph 6 of the Complaint.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 72:** Documents and Communications Relating to any licensing programs in which You participate to share content with other newsrooms to create new reporting, as referenced in Paragraph 44 of the Complaint.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 73:** Documents and Communications Regarding Your contention that OpenAI and its products have "reduc[ed] the incentives for users to go to the original source, thus reducing Plaintiff's subscription, licensing, advertising, and affiliate revenue," as alleged in Paragraph 96 of the Complaint.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 74:** Documents and Communications Regarding the inclusion or absence of Your Asserted Works in Common Crawl datasets, including, but not limited to, Documents and Communications between You and the Common Crawl Foundation or its Employees

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 75: Documents and Communications
Regarding any alleged use of Your Asserted Works by OpenAI, including but not limited
to Documents reflecting when You first discovered OpenAI's alleged use of any of Your
Asserted Works to train a large language model.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 76: Documents and Communications
Regarding when and how You first became aware of OpenAI's alleged infringement.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive,

non-privileged documents.

**REQUEST FOR PRODUCTION NO. 77: A complete copy of each of the Asserted
Works in a searchable .txt, ePub, or electronic portable document format, the contents of
which can be readily accessed and copied without application of further technologies.**

**RESPONSE:** Plaintiff is diligently investigating the format in which it can produce the

copyright management information of each asserted work. Plaintiff will supplement its response

to this request in accordance with the federal rules, local rules, and standing orders applicable to

this case.

**REQUEST FOR PRODUCTION NO. 78: Documents and Communications
Concerning any alleged market for Your Asserted Works, including but not limited to (a)
Documents Regarding Your consumer base, overall market performance, supply and
demand for Your Asserted Works, and any related market studies or market research,
both before and after release of GPT Services, and (b) Documents Relating to the market
for licensing or use of Your Asserted Works for purposes of analyzing language patterns or
training any large language model ("LLM"), if any, including but not limited to Documents
Relating to the presence or absence of such a market, Documents sufficient to identify such
a market, Documents Relating to when and how such alleged market first developed,
Documents Relating to the Persons involved, and Documents Relating to actual or potential
the licensing or use of Your Asserted Works in such alleged market(s).**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 79: Documents and Communications Concerning any alleged market for derivatives of Your Asserted Works, including but not limited to Documents Regarding the alleged consumer base for derivatives of Your Asserted Works, the overall market performance of Your Asserted Works, the supply and demand for derivatives of Your Asserted Works, and any related market studies or market research, to the extent such market for derivatives exists, both before and after release of GPT Services.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 80: Documents and Communications Concerning Your allegation that Microsoft and OpenAI acted jointly in any alleged infringement of Your Asserted Works.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents

**REQUEST FOR PRODUCTION NO. 81: Documents and Communications sufficient to show the total user visits to the web domains motherjones.com and revealnews.org, on a monthly basis, from January 1, 2015, through present.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 82: Documents and Communications Relating to decreases in traffic to motherjones.com from January 1, 2018 through the present, if any, including but not limited to Documents Regarding the reasons for any such decreases.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 83: Documents and Communications Relating to decreases in traffic to revealnews.org from January 1, 2018 through the present, if any, including but not limited to Documents Regarding the reasons for any such decreases**

- 17 -

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any responsive,

non-privileged documents from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 84:  Documents and Communications Regarding Your efforts to ascertain whether decreases, if any, in traffic to Your sites is attributable to GPT Services versus other market forces and factors.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 85:  Documents and Communications Relating or referring to decreases in revenue, if any, generated by subscriptions, including but not limited to Documents Regarding the reasons for any such decreases.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 86:  Documents and Communications referring or Relating to any factors that allegedly negatively impacted revenue from January 1, 2018 through the present, including but not limited to advertising and subscription revenue.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any responsive,

non-privileged documents from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 87:  Documents sufficient to identify any website, third-party publication, social media account, or other print or digital media, of which You are aware, that (1) summarizes any of Your Asserted Works; (2) reviews or criticizes any of Your Asserted Works; (3) quotes from any of Your Asserted Works; or (4) otherwise replicates more than 10 lines from any of Your Asserted Works (but is not itself an Asserted Work).**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 88:  Communications between You or Your Agent(s) on the one hand, and any website, third-party publication, social media account, or other print or digital media identified in Documents produced in response to Request No. 87 on the other hand.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 89: Documents and Communications Regarding any alleged removal of copyright management information from Your Asserted Works by OpenAI, including but not limited to Documents Regarding when and how You first became aware of the alleged removal.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 90: Documents and Communications Concerning whether Your Asserted Works have ever been used for the purpose of analyzing language patterns.**

**RESPONSE:** Plaintiff objects to the term "analyzing language patterns" as vague and

ambiguous. Plaintiff further objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 91: Documents sufficient to show each website and URL known to You at which any of Your Asserted Works may be accessed for free by third parties.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the

needs of the case.

**REQUEST FOR PRODUCTION NO. 92: Documents sufficient to identify each work (including title, author, and date of creation) that You contend both (i) was generated using GPT Services and (ii) competes in the market for Your Asserted Works.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 93: Documents referenced or cited in preparing Your responses to any of OpenAI's Interrogatories and Requests for Admissions.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 94:  Documents You intend to rely on in this Litigation.**

**RESPONSE:**  Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 95:  Documents that any of Your experts have considered, relied on, or may rely on, including Documents You intend to provide or have been provided by You, in forming any opinions in this Lawsuit.**

**RESPONSE:**  Plaintiff will produce non-privileged documents responsive to this

request.

**REQUEST FOR PRODUCTION NO. 96:  Documents and Communications Concerning Your knowledge of any Persons using web crawlers or other automated tools to acquire Your Asserted Works from any of Your Websites.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any responsive,

non-privileged documents pertaining to Defendants. Plaintiff otherwise objects on the basis of

relevance and proportionality.

**REQUEST FOR PRODUCTION NO. 97:  Documents and Communications Related to any harm You contend was caused by the alleged removal of copyright management information by Defendants.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 98:  Documents and Communications Related to whether the removal of copyright management information from your Published Works induced, enabled, facilitated, or concealed infringement.**

**RESPONSE:**  Plaintiff will conduct a reasonable search and produce any non-privileged,

responsive documents.

**REQUEST FOR PRODUCTION NO. 99:  Documents and Communications Related to any infringement that You allege was induced, enabled, facilitated, or concealed as a result of the alleged removal of copyright management information from Your Asserted Works by Defendants.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 100:  Documents identified by You in Your Rule 26(a)(1) Initial Disclosures that are in Your possession, custody, or control.**

**RESPONSE:** Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 101:  Documents and Communications Relating to the addition of Your copyright management information to any article that appears on Your Websites, including articles that are not owned by, or were not created by You or Your Agents, including Documents Relating to Your policies, practices, directions, or guidance Concerning the addition of Your copyright management information to such articles.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 102:  Documents Relating to Communications with any third party Regarding the addition of Your copyright management information to any articles that are not owned by, or were not created by You or Your Agents, including any agreement that You contend allows or allowed You to add Your copyright management information to any such article.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 103:  Documents and Communications Relating to Your policies, procedures, rules, guidance, practices, and training manuals Concerning the use, copying, distribution, display, or modification of articles provided to You by, or owned by, third parties.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 104:  Documents sufficient to identify any articles You have ever published on Your Websites, that are not owned, copyrighted, or created by You or Your Agents.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 105:  Documents sufficient to show any license or agreement permitting You to reproduce or display articles published on Your Websites, that are not owned, copyrighted, or created by You or Your Agents.**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 106:  Documents and Communications Related to Your publication of articles that are not owned, copyrighted, or created by You or Your Agents.**

**RESPONSE:**  Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

## <u>GENERAL OBJECTIONS</u>

1.      Plaintiff objects to all instructions and definitions to the extent they purport to extend beyond the federal rules, local rules, or standing orders applicable to this case.

2.      Plaintiff objects to the definition of Generative AI as ambiguous.

3.      Plaintiff objects to the production of any documents or information protected by attorney client privilege or attorney work product.  Plaintiff's responses do not include any such documents or information.

*/s/ Kyle Wallenberg*

Jonathan Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Lauren Carbajal (*pro hac vice*)
Stephen Stich Match (No. 5567854)
Matthew Topic (*pro hac vice*)
Steve Art (*pro hac vice*)
Kyle Wallenberg (*pro hac vice*)

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
carbajal@loevy.com

match@loevy.com
matt@loevy.com
steve@loevy.com
wallenberg@loevy.com

*Counsel for Plaintiff*

Dated:  November 1, 2024

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via email on this 1st day of November, 2024.

*/s/ Kyle Wallenberg*