# EXHIBIT G

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, *et. al.*,<br><br>  Defendants. | Case No. 1:23-cv-11195-SHS-OTW |
| DAILY NEWS, *et. al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, *et. al.*,<br><br>  Defendants. | Case No. 1:24-cv-03285-SHS-OTW |
| THE CENTER FOR INVESTIGATIVE REPORTING, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>OPENAI, INC., *et. al.*,<br><br>  Defendants. | Case No. 1:24-cv-04872-SHS-OTW |

**PLAINTIFF THE CENTER FOR INVESTIGATIVE REPORTING, INC.'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION (Nos. 107-124)**

Plaintiff The Center for Investigative Reporting, Inc. provides the following responses to Defendant OpenAI OpCo, LLC's Second Set of Requests for Production (Nos. 107-124), subject

to the General Objections provided below, which are incorporated into each response unless otherwise noted.

**REQUEST FOR PRODUCTION NO. 107: Documents and Communications sufficient to show all versions of Your robots.txt files for each of Your Websites, from January 1, 2018, to present.**

RESPONSE: Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 108: Documents and Communications Concerning any modifications to Your robots.txt files for each of Your Websites from January 1, 2018, to present.**

RESPONSE: Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 109: Documents and Communications Relating to the alleged reproduction, public display, or distribution of Your Asserted Works via Generative AI services other than GPT Services.**

RESPONSE: Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 110: Documents and Communications Relating to any attempt by You, including failed attempts, to reproduce any of Your Published Works via Generative AI services other than GPT Services.**

RESPONSE: Plaintiff objects to this request as neither relevant nor proportional to the needs of the case. Plaintiff further objects to this request on the grounds of attorney-client privilege and attorney work product.

**REQUEST FOR PRODUCTION NO. 111: Documents and Communications Relating to any outputs via Generative AI services other than GPT Services that allegedly summarize, quote, or otherwise reference Your Asserted Works.**

- 3 -

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case. Plaintiff further objects to this request on the grounds of attorney-client privilege and attorney work product.

**REQUEST FOR PRODUCTION NO. 112: Documents and Communications Relating to Your processes and discussions Regarding the use and form of conflict-of-interest disclosures in Your Published Works.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 113: Documents sufficient to show the relationship between The Center for Investigative Reporting, Inc., Mother Jones, Reveal, and CIR Studios.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 114: Documents and Communications Regarding the inclusion or absence of Your Asserted Works in the C4 dataset.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case. Plaintiff further objects to this request on the grounds of attorney-client privilege and attorney work product.

**REQUEST FOR PRODUCTION NO. 115: Documents and Communications Regarding Your use of Reporting Disclosures, including, but not limited to, policies and procedures when such Reporting Disclosures should or must be included in an article, when such Reporting Disclosures should be added to a previously published article that did not originally contain such a Reporting Disclosure, and the substance that such Reporting Disclosures should or must contain.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 116: Documents and Communications Regarding Your use of Reporting Disclosures Regarding OpenAI, including, but not limited to, policies and procedures when such Reporting Disclosures should or must be included in an article, when such Reporting Disclosures should be added to a previously**

**published article that did not originally contain such a Reporting Disclosure, and the substance that such Reporting Disclosures should or must contain.**

**RESPONSE:** Plaintiff objects to this request to the extent it applies beyond the asserted works. Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents as to the asserted works.

**REQUEST FOR PRODUCTION NO. 117: Documents and Communications Related to Your efforts to prevent Your Asserted Works from being used to train large language models.**

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any non-privileged, responsive documents

**REQUEST FOR PRODUCTION NO. 118: Documents sufficient to show the daily average users and weekly average users for Mother Jones, broken down by domain and application, since 2015.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 119: Documents sufficient to show the daily average users and weekly average users for Reveal, broken down by domain and application, since 2015.**

**RESPONSE:** Plaintiff objects to this request as neither relevant nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 122: Documents sufficient to show the projected revenue streams for Mother Jones for subscription to, or anticipated licensing of, Your Asserted Works.**[1]

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 123: Documents sufficient to show the projected revenue streams for Reveal for subscription to, or anticipated licensing of, Your Asserted Works.**

---

[1] OpenAI did not include Request for Production Nos. 120 and 121 in its Second Set of Requests for Production to Plaintiff.

- 4 -

- 5 -

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 124:** Non-privileged Documents and Communications Relating to any internal analyses, discussions, or evaluations Regarding whether OpenAI's alleged use of Your Asserted Works constitutes fair use.

**RESPONSE:** Plaintiff will conduct a reasonable search and produce any responsive, non-privileged documents.

## GENERAL OBJECTIONS

1.     Plaintiff objects to all instructions and definitions to the extent they purport to extend beyond the federal rules, local rules, or standing orders applicable to this case.

2.     Plaintiff objects to the definition of Generative AI as ambiguous.

3.     Plaintiff objects to the production of any documents or information protected by attorney client privilege or attorney work product. Plaintiff's responses do not include any such documents or information.

*/s/ Kyle Wallenberg*

Jonathan Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Lauren Carbajal (*pro hac vice*)
Stephen Stich Match (No. 5567854)
Matthew Topic (*pro hac vice*)
Steve Art (*pro hac vice*)
Kyle Wallenberg (*pro hac vice*)

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
carbajal@loevy.com
match@loevy.com
matt@loevy.com
steve@loevy.com
wallenberg@loevy.com

*Counsel for Plaintiff*

Dated: December 20, 2024

- 6 -

- 7 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via email on this 20th day of December, 2024.

/s/ Kyle Wallenberg