**LOEVY + LOEVY**

April 3, 2025

Hon. Ona T. Wang  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl Street  
New York, NY 10007-1312

311 N. Aberdeen Street  
Chicago, Illinois 60607  
(312) 243-5900  
www.loevy.com

RE:   *The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et. al.,*  
<u>Case No. 1:24-cv-04872-SHS-OTW</u>

Dear Judge Wang:

The 5 ESI custodians that OpenAI moves for CIR to add are not necessary, useful, or appropriate in this case. To the extent there is any relevant information requested from these additional individuals, it is duplicative of documents CIR is already producing from its current custodians and, therefore, would only create undue burden to add these custodians. OpenAI has not demonstrated why the addition of these custodians is proportionate to the needs of the case given that CIR has designated the key custodians that possess documents relevant to the discovery OpenAI claims to need. The Court should deny OpenAI's motion at ECF No. 250.

OpenAI takes issue with the fact that CIR has designated 3 individual document custodians, compared to OpenAI's 36 custodians. (ECF No. 250 at 1.) For context, these 3 individuals – the CEO, CFO, and VP of Media Sales/Business Development – are the key decisionmakers at CIR regarding any issues relevant to this case and are involved in all policy decisions that could have an impact on the strength of CIR's claims or OpenAI's defenses in this litigation. And CIR has already agreed to run search terms across 4 other custodial accounts (permissions@motherjones.com, registrations@motherjones.com, copyright@motherjones.com, and republish@revealnews.org). These 3 individual custodians make up more than 2.5% of CIR's employees (or, including the 4 company email accounts, nearly 6% of CIR's total employees)[1], whereas OpenAI's 36 custodians represent only 0.5% of its total employees[2]. OpenAI's attempt to criticize the allegedly "small" number of ESI custodians CIR has designated, as compared to OpenAI, ignores the vast difference in size between the parties. If anything, the fact that CIR has agreed to provide 12 times the number of custodians as OpenAI, relative to company size, underscores the weakness in OpenAI's position.

Regarding the specific CIR employees set forth in OpenAI's motion and discussed below, it would be unnecessary, unduly burdensome, not proportional to the needs of the case, and (at best) duplicative to add them as custodians:

**Robert Wise (Online Technology Director).** OpenAI contends that Wise should be added as a custodian because he may possess information relevant to exclusion protocols and the display of CMI on CIR's website, information related to OpenAI's RFP Nos. 34, 101, 107, and 108. (ECF

---

[1] CIR currently has 119 employees.  
[2] As of March 2025, OpenAI has approximately 6,700 employees. (*See* https://leadiq.com/c/openai/5a1d9d1e2300005c008cfc05/employee-directory.)

No. 250 at 2.) OpenAI ignores that for each of these requests, CIR has agreed to *manually* collect responsive materials (e.g., all versions and modifications of CIR's robots.txt files, as well as documents relating to the addition of CMI to the asserted works) and needs no additional custodians to achieve collection. (Ex. 1, K. Wallenberg 2/7/2025 letter to OpenAI, at 4-5.) OpenAI's demand to add custodians for these requests is neither reasonable nor required and only presents an undue burden. What's more, Wise is not responsible for setting or changing any policies with respect to CIR's use of exclusion protocols or adding CMI to CIR's works. Rather, as CIR's custodial 30(b)(6) deposition witness and current custodian, Monika Bauerlein (CIR's CEO), testified, she would be included on such communications to the extent they "affect[ ] any significant changes in the user experience or in [CIR's] organizational policies." (ECF No. 250-5, Bauerlein Dep. Tr. at 184:13-20.) Put simply, Wise is a technical employee "responsible for the teams that maintain [CIR's] websites." (*Id*. at 20:12-17.) In general, Wise does not possess any information relevant to this litigation; to the extent that he does, such information is duplicative of existing custodians.

**Marla Jones-Newman (VP of People and Culture).** OpenAI argues that Jones-Newman possesses documents responsive to OpenAI's RFP No. 12, which relates to "[CIR]'s ownership of the asserted works, including any applicable employment and work-for-hire agreements." (ECF No. 250 at 2-3.) However, CIR has agreed to *manually* search for and produce relevant employment and work-for-hire agreements (Ex. 1 at 4-5), and CIR is not required to offer a custodian for categories of documents it has agreed to manually collect. OpenAI contends that Jones-Newman should be added as a custodian because she has the "ultimate authority when it comes to [ ] employment agreements and keeping track of where they're stored and kept." (ECF No. 250 at 3 (quoting ECF No. 250-5, Bauerlein Dep. Tr. at 179:3-8).) There is no reason to add Jones-Newman as a custodian because she "keeps track" of where these agreements are "stored and located," when such agreements can be simply collected manually. Accordingly, OpenAI's request to add Jones-Newman is unreasonable and not proportionate.

**Emily Harris (Director of Finance).** OpenAI seeks to add Harris as a custodian because she allegedly possesses unique knowledge relating to the creation of CIR's valuation of its articles or similar financial analyses. (ECF No. 250 at 3.) This is incorrect. Indeed, Bauerlein (CIR's CEO, a current custodian) testified that she and Madeleine Buckingham (CIR's CFO, also a custodian) "have access to [such] underlying [financial] data" and that, in creating such financial analyses, "[w]hat would be most likely to happen is that one of us would ask for the analysis, and then there would – there might be some correspondence in creating the analysis that we're not copied on, and ***then we would receive the analysis***." (ECF No. 250-5, Bauerlein Dep. Tr. at 161-162 (emphasis added).) Notably, part of Harris's job responsibilities is to "assist[ ] the CFO [Buckingham] with companywide financials." (*See* https://www.motherjones.com/about/staff/.) Accordingly, any relevant communications within this category of documents runs through existing custodians, namely, Bauerlein and Buckingham. OpenAI makes no reasonable attempt to explain why these custodians are insufficient.

**Ruth Murai (Research Director).** OpenAI argues that Murai should be added as a custodian because she would be in "possession of e-mails relating to plagiarism and the use of AI in the creation of CIR's articles," which OpenAI contends is responsive to RFP Nos. 7, 35, 36, and 57. Once again, CIR has agreed to *manually* search for documents responsive to RFP Nos. 7, 35, and

36 (Ex. 1 at 4-5), and CIR is not required to offer a custodian for categories of documents it has agreed to manually collect. With respect to documents relating to CIR's plagiarism prevention efforts (RFP No. 57), Bauerlein testified that *she* is the decisionmaker regarding this topic. (*See* ECF No. 250-5, Bauerlein Dep. Tr. at 144-145 (testifying that she "would be in the loop on policies and changes to policies" regarding CIR's fact-checking process, plagiarism detection efforts, and use of generative AI).) The fact that none of CIR's existing custodians are involved in day-to-day fact-checking of CIR articles, as OpenAI alleges (ECF No. 250 at 3), is of no consequence because (i) Bauerlein oversees these issues (and thus possesses any relevant information) and (ii) CIR has already agreed to produce non-custodial documents reflecting this information. For these reasons, OpenAI's request to add Murai is unreasonable and not proportionate to the needs of the case.

**Michael Mechanic (Senior Editor).** OpenAI seeks to add Mechanic as a custodian because he allegedly possesses documents relating to arrangements to publish third-party works. (ECF No. 250 at 3.) OpenAI contends that such information is responsive to RFP Nos. 35, 36, 51, 52, and 72. CIR, however, has already agreed to *manually* collect documents responsive to RFP Nos. 35, 36, and 72. What's more, Bauerlein testified that one or more of CIR's current custodians "would be on [ ] emails [relating to CIR's use of third-party content] when it comes to agreeing with that publisher in the first place that they are wanting to be a part of this network." (ECF No. 250-5, Bauerlein Dep. Tr. at 141:11-14.) Accordingly, to the extent CIR's manual collection does not sufficiently capture documents responsive to the above document requests, such additional materials would be found in the existing custodial emails, as CIR's current custodians are knowledgeable on these topics. OpenAI's allegations to the contrary do not support compelling the addition of any duplicative and unnecessary editorial custodians.

OpenAI also accuses CIR of "kick[ing] the can down the road" (ECF No. 250 at 1, n.1) and admonishes CIR for its proposal to consider a limited number of tailored additional search terms to fill any purported gaps in CIR's production once OpenAI has had an opportunity to review CIR's further ESI document productions. OpenAI's criticisms of CIR's good faith efforts to avoid motion practice are irrelevant to whether the discovery OpenAI seeks is proportional and non-duplicative of existing custodians, and underscore why its motion should be denied.

In fact, the case OpenAI repeatedly cites in its motion, *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17 CIV. 7417 (VM), 2021 WL 961750 (S.D.N.Y. Mar. 15, 2021), *supports* CIR's position. Specifically, in *Coventry*, the court denied a request to add six Phase II custodians because these custodians – like the additional custodians OpenAI moves for CIR to add – "either played a less active role, or, in the case of Mr. Harrop, as General Counsel, were copied on emails that appear to have largely been captured and produced in the Phase I productions, rendering it disproportionate to permit the remaining Phase II Custodians in light of the discovery already produced by the Phase I custodians." *Id*. at *1 (internal citations omitted). *See also id*. at *2 ("In denying Coventry's motion, Judge Cave found that Coventry had not shown that the remaining six custodians would provide unique, relevant and noncumulative evidence.").

For the foregoing reasons, the Court should deny OpenAI's motion to compel CIR's addition of the above custodians.

                    Respectfully,

                    LOEVY & LOEVY

                    */s/ Kyle Wallenberg*
                    Kyle Wallenberg

cc:  All Counsel of Record (via ECF)