

April 3, 2025

**VIA ECF**
Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *The New York Times Company v. Microsoft Corp.*, No. 1:23-cv-11195; *Daily News, LP v. Microsoft Corp.*, No. 1:24-cv-3285; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, No. 1:24-cv-04872 (S.D.N.Y.): Response to Letter Motion Seeking Discovery Into New Copilot and Inspection of Deucalion (ECF 487)

Dear Magistrate Judge Wang:

News Plaintiffs' March 31, 2025 letter motion (ECF 487) concerning two unrelated discovery requests should be denied; indeed, the first was already denied. The repeat demand seeks discovery of Microsoft's Copilot product that was released on October 1, 2024 ("New Copilot"), well after the complaints in the above-captioned cases were filed. This Court already denied The Times's request for discovery into New Copilot as a future product that (a) did not exist at the time of the complaint, (b) was built on an entirely different architecture, (c) involves a separate team, and (d) would necessitate starting over in discovery. There is no good reason to change that outcome now.

News Plaintiffs' second demand is for inspection of a Large Language Model ("LLM") called Deucalion in a form in which no member of the public was ever able to access it, namely without the usual safety features, filters, and output mitigations. The News Plaintiffs have not shown any need for or the proportionality of this demand for inspection of a bare model. The Bing/Copilot Chat product using the model was freely available to Plaintiffs throughout most of 2024 until it was deprecated at the end of September 2024; training data for the GPT 3.5Turbo model upon which it was based has been produced by OpenAI; and output data for actual consumer usage of the Copilot product that incorporated the model will also be available for inspection. This demand for inspection of an irrelevant bare model is unnecessary and presents significant concerns for burden, safety, and prejudice. It should be denied.

**The Court Has Already Addressed And Denied Plaintiffs' Request For Discovery Into Products Released After The Filing Of The Complaint.**

New Copilot is not simply a new version of Bing Chat, which was rebranded as "Copilot," and existed at the time that the News Plaintiffs filed their complaints.[1] Instead, New Copilot is an entirely new product that was not released until October 1, 2024—more than nine months after The Times filed its complaint. While it shares the same brand name as the Copilot product that is named in the operative complaints, New Copilot was developed with an entirely different architecture that vastly differs from deprecated Bing Chat/Copilot. This is highlighted by the blog

---

[1] The Times's complaint was filed December 27, 2023, the Daily News's complaint was filed April 30, 2024, and the Center for Investigative Reporting's complaint was filed June 27, 2024.

post announcing New Copilot that is attached to News Plaintiffs' letter brief.[2] The blog post plainly explains that New Copilot is "a new era of technology" and "is different from the last wave of the web and mobile." ECF 487-2 at 3-4. The blog post also states that New Copilot will "provid[e] not only information, but encouragement, feedback and advice as you navigate life's everyday challenges," and the post identifies seven "new and enhanced features." *Id.* at 4-8. Notably, one of these features is Copilot Daily, about which the Times expressly sought discovery in October 2024 (ECF 279) and that this Court denied (ECF 365 at 5).

News Plaintiffs are now essentially seeking reconsideration of the Court's prior order prohibiting discovery into new products, and the reasons to deny discovery into New Copilot are identical to the reasons to deny the Times's earlier motion seeking discovery on new products. *See* ECF 294. As the Court previously indicated, News Plaintiffs are not without a remedy if the Court denies their motion. *See* Hr'g Tr. 88:21-25 (Dec. 3, 2024). For one, they could simply file a new suit. If News Plaintiffs want to add New Copilot to this case, they should seek leave to amend under the standards of Rules 15 and 16 so that the Court can consider the impact of adding more and more products to this case.[3] Just as with The Times's previous motion, the News Plaintiffs cannot utilize discovery in this case to pursue information in aid of a potential future case. *See Diaz v. New York Paving, Inc.*, 553 F. Supp. 3d 11, 22 (S.D.N.Y. 2021) ("the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such claim exists") (internal quotations and citations omitted); *see also Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.").

*Solid Oak Sketches, LLC v. 2K Games, Inc.*, cited by the News Plaintiffs (ECF 487 at 2), is inapposite. In that case, there were few material differences between the two products and the question was whether the new version of the product that was named in the complaint was pre- or post-registration infringement. No. 13-cv-724-LTS, 2016 WL 4126543, at *3 (S.D.N.Y. Aug. 2, 20216). By contrast, as discussed above, New Copilot is not merely a new version of deprecated Copilot; it is a wholly new product with a completely different architecture, developed by a completely different team, which would expand the scope of discovery in this case. It would be like starting all over.

Additionally, the undue burden on Microsoft weighs heavily against adding this new product to the case. *See Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 286 (D. Del. 2012) (declining to order the full scope of plaintiff's requested discovery because of, in part, "the significant burden Defendant would suffer in complying with the scope of the requests-at-issue"). Just as Microsoft argued in its opposition to the Times's prior motion, adding New Copilot would exponentially increase the scope of discovery, and would entail a new set of source code, business documents, technology documents, and other material implicating an entirely new set of document custodians. It would require Microsoft to essentially re-do the same scope of discovery for a different set of technology, which would be even more burdensome now than it was in October 2024 because over the past 5 months the News Plaintiffs have propounded 129 RFPs, 10 interrogatories, and 8 RFAs on Microsoft alone. In responding to this discovery, Microsoft rightfully relied upon this Court's order prohibiting discovery into new products such as New

---

[2] The Times cited this very same blog post in its October 2024 motion seeking discovery regarding future products, belying News Plaintiffs' claim that they did not learn about New Copilot until February 2025. Microsoft also distinguished between deprecated Copilot and New Copilot months ago in January 2025 correspondence regarding inspection of output data.

[3] Notably, Exhibit 2 is not an output from New Copilot, as News Plaintiffs suggest, but rather from M365 Copilot Chat.

Copilot; requiring Microsoft to now go back and collect and produce the plethora of documents from new custodians is unduly burdensome and certainly not proportional to the needs of the case. The News Plaintiffs' renewed request for discovery into new products should be denied.

### Inspection Of The Deprecated Deucalion Model In A Form In Which It Was Never Publicly Available Is Improper.

An LLM is just one part of the technology stack forming the Copilot product, and members of the public are not given access to the bare LLM. Rather, prior to being fed into the LLM, a user's prompt is passed through a series of checks and modifiers to prevent misuse of the tool, and the LLM is given metaprompts along with safety instructions. Similarly, no user sees the raw output from an LLM. Copilot includes mitigations and safety-related content filters before displaying outputs to the consuming public.

Nevertheless, News Plaintiffs demand to inspect a bare model called Deucalion, which was a fine-tuned version of OpenAI's 3.5Turbo model used by Bing Chat/Copilot until it was deprecated at the end of September 2024. No user has ever queried the Deucalion model directly without the additional preprocessing steps like metaprompts, and the Deucalion model has never generated any outputs in response to any user query without application of mitigations and safety-related content filters. In other words, News Plaintiffs want to inspect something that has never seen the light of day and, therefore, cannot be relevant to any claim.

News Plaintiffs equate their request to inspect Deucalion to the inspection of OpenAI's models, but this is misleading. The models OpenAI has provided for inspection are commercial models that were publicly available, albeit for a cost. *See* ECF 365 at 3. News Plaintiffs have provided no basis for separating out the Deucalion model for testing when it was never distributed, commercialized, or made available to the public in the form that they are seeking to test. Moreover, News Plaintiffs had free access to the publicly available version of the model in the Bing Chat/Copilot product prior to the time it was deprecated. OpenAI has produced 3.5Turbo for inspection, and News Plaintiffs have offered no basis for distinguishing Deucalion in a fashion that is relevant to the case. OpenAI has produced the training data while Microsoft will be making available user session data for inspection through sampling. Given all of these alternatives, News Plaintiffs do not need to inspect the model to confirm either the content of its training data or to analyze its actual behavior in Copilot.

Moreover, inspection and testing of the bare model risks significant unfair prejudice. Deucalion, by itself, was not made available to the public by Microsoft. Without metaprompt instructions and mitigation filters, Plaintiffs' testing would not correspond to the actual operation of the model. This is not unlike a case about the quality of a city's drinking water where the plaintiffs request to test the source water ***before*** it went through the water filtration mechanism in an effort to show that the drinking water ***after*** filtration is nevertheless contaminated. Finally, without such protections, Plaintiffs may be able to radically distort the model's behavior through adversarial prompting. The expense and potential prejudice of addressing such distortions could be significant.

If News Plaintiffs are asking the Court to order Microsoft to reconstitute a deprecated product, doing so is not proportional to the needs of the case. Rebuilding the infrastructure stack around Deucalion just so that the News Plaintiffs can perform this inspection is unnecessary and unduly burdensome, as it would include reviving old code and making sure it works with new tool execution code. Most importantly, the News Plaintiffs do not need such an inspection given all of the other options available to them for understanding the training and behavior of the model.

Honorable Ona T. Wang                                  - 4 -                                       April 3, 2025

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/  Annette L. Hurst* | */s/  Jared B. Briant* |
| Annette L. Hurst | Jared B. Briant |

*Counsel for Defendant Microsoft Corporation*