# LOEVY + LOEVY

311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
www.loevy.com

November 21, 2025

Hon. Ona T. Wang
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

RE: *In re: OpenAI, Inc., Copyright Infringement Litigation*, 1:25-md-03143-SHS-OTW; this document relates to *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, Case No. 1:24-cv-04872-SHS-OTW

Dear Judge Wang:

CIR disagrees with OpenAI's characterizations in its motion to compel (ECF Nos. 775, 779) regarding CIR's preservation of its custodial Slack communications, including the suggestion that CIR has deliberately destroyed any relevant evidence. Regardless, for judicial efficiency and in an effort to compromise, CIR agrees to do the following in response to OpenAI's request: (1) provide a sworn declaration that addresses the questions set forth on page 3 of OpenAI's motion (ECF No. 775 at 3), and (2) modify its approach to the retention of custodial Slack messages. While CIR believes, based on the limited nature of CIR's use of Slack for communications about discoverable issues, that its prior process of instructing custodians to arrange for the manual back-up of Slack messages subject to CIR's legal hold was reasonable under the circumstances, CIR's staff will begin manually collecting all Slack messages for the designated custodians every 30 days. In fact, CIR has investigated and is not aware of any other way to change retention settings in Slack for individual custodians (only for individual channels), and it would not be reasonable to retain all Slack messages across the entire organization.

Because CIR has agreed to do what OpenAI has requested, there is no dispute before the Court on this issue. In fact, CIR believed that the parties had been in the process of working cooperatively to resolve these issues without the need for Court intervention when OpenAI filed its motion.

Respectfully,

LOEVY & LOEVY

*/s/ Matt Topic*
Matt Topic

cc: All Counsel of Record (via ECF)