UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>    Defendants. | Civil Action No. 1:23-cv-11195 (SHS) (OTW) |
| DAILY NEWS, LP, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 1:24-cv-3285 (SHS) (OTW) |
| THE CENTER FOR INVESTIGATIVE REPORTING, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>    Defendants. | Civil Action No. 1:24-cv-4872 (SHS) (OTW) |

**STIPULATION AND ORDER RE: TRAINING DATA INSPECTION PROTOCOL**

- 2 -

Upon the stipulation of the parties, the following protocol will apply to the inspection, review, and/or disclosure of Training Data produced by Defendant Microsoft Corporation (collectively, "Microsoft"):

1.    For the purposes of this protocol, "Training Data" shall be defined as data used to post-train[1] relevant OpenAI LLMs. Microsoft reserves the right to update the Training Data made available for inspection should it find additional responsive data, and Plaintiffs reserve the right to request additional Training Data that has been disclosed or discovered and is not made available for inspection.

2.    The "Inspecting Party" shall be defined as plaintiffs in the above captioned consolidated actions, including their attorneys of record, agents, retained consultants, experts, and any other persons or organization over which they have direct control.

3.    Training Data shall be made available for inspection in electronic format at a secure location determined by Microsoft. Training Data will be made available for inspection between the hours of 8:30 a.m. and 5:00 p.m. on business days, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times. With prior notice from the Inspecting Party, Microsoft shall make a reasonable effort to ensure that the Training Data is programmatically accessible on a continuous, twenty-four-hour basis across multiple days as needed in order to permit the Inspecting Party to run reasonable searches or other automated programs to analyze the Training Data.

4.    The Inspecting Party shall provide five days' notice prior to any inspection.

5.    Training Data shall be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Orders, and the Inspecting Party may disclose

---

[1] Microsoft's position is that Microsoft has not been involved in other stages of the training process. Plaintiffs reserve all rights to challenge that position.

Training Data only to those authorized to view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under paragraph 15 of the Stipulated Protective Orders, without prejudice to any party's right to challenge this confidentiality designation (or oppose a challenge to the confidentiality designation) at a later date. Any challenge to the confidentiality designation of the Training Data or portions thereof under this Training Data Inspection Protocol shall be written, shall be served on outside counsel for Microsoft, shall particularly identify the documents or information that the Inspecting Party contends should be differently designated, and shall state the grounds for the objection. The parties shall meet and confer in a good faith effort to resolve the dispute. Notwithstanding any challenge to a designation, the Training Data in question shall continue to be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until one of the following occurs: (1) Microsoft withdraws such designation in writing; or (2) the Court rules that the Training Data in question is not entitled to the designation.

6. Nothing in this Training Data Inspection Protocol shall alter or change in any way the requirements of the Stipulated Protective Orders. In the event of any conflict, however, this Training Data Inspection Protocol shall control for any Training Data made available for inspection.

7. Training Data shall be produced for inspection and review subject to the following provisions:

a. Training Data shall be produced as maintained by Microsoft in the ordinary course of business and made available by Microsoft in a secure room on a secured laptop without access to other unauthorized computers or devices (the "secured computer").

b. The secured computer will be equipped with tools that are sufficient for viewing and searching the Training Data made available for inspection. Microsoft will reasonably

cooperate with Plaintiffs to address any technical concerns Plaintiffs may have regarding the form of production of the Training Data and the hardware and software that is provided so that Plaintiffs may conduct the Training Data review pursuant to the applicable rules of the Federal Rules of Civil Procedure. Plaintiffs reserve all rights to seek any additional relief from the Court, including to enable a more efficient and/or effective review of the Training Data.

      c.      The Producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the secured computer(s) in order to access the Training Data on the secured computer(s). An individual will be available onsite to handle technical support issues with the secured computer, and the Producing Party's outside counsel will be available electronically to make reasonable efforts to attempt to resolve issues that may arise during the course of inspection.

      d.      The Inspecting Party's counsel and/or experts may request that software tools and/or files be installed on the secured computer, provided, however, that (a) the Inspecting Party possesses an appropriate license to such software tools and/or files; (b) Microsoft approves such software tools and/or files, such approval not to be unreasonably withheld; and (c) such other software tools and/or files are reasonably necessary for the Inspecting Party to perform its review of the Training Data consistent with all of the protections herein. The Inspecting Party must provide Microsoft with the licensed software tool(s) and/or files, at the Inspecting Party's expense, at least seven days in advance of the date upon which the Inspecting Party wishes to have the additional software tools and/or files available for use on the secured computer. The Producing Party will install and confirm installation of said software on the Source Code Computers prior to the inspection. Microsoft will reasonably cooperate with the Inspecting Party to accommodate requests to install on the secured computer additional software tool(s) and/or files provided less

- 4 -

than seven days in advance.

  e. No recordable media or recordable devices, including without limitation computers, cellular telephones, cameras, other recording devices, or drives of any kind, shall be permitted into the secure inspection room, except at the end of each day of inspection, when the Inspecting Party shall be able to copy notes from the note taking computer onto a recordable device, under the supervision of the Producing Party.

  f. The Inspecting Party's counsel and/or experts may take handwritten notes on a separate note-taking computer in scratch files but may not copy any Training Data itself into any notes. For the avoidance of doubt, this provision shall not prevent the Inspecting Party's counsel and/or experts from recording in their notes statistical information (such as hits, file sizes, or match scores) or particular items, files, or categories of items or files contained in the Training Data. The Inspecting Party will not waive any applicable work-product protection over their electronic notes by saving them to the secured computer temporarily. Such notes may not be in encoded or encrypted form. Any notes related to the Training Data will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  g. The Producing Party may visually monitor the activities of the Inspecting Party's representatives during any inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Training Data. Any monitoring must be conducted from outside the room where the inspection is taking place. The Producing Party will make an unmonitored breakout room with Internet access reasonably convenient to and near the secured inspection room available for use by the Inspecting Party.

  h. No copies of all or any portion of the Training Data, or other written or electronic record of the Training Data, may leave the secured room in which the Training Data is inspected

except as provided herein. The Inspecting Party may obtain print outs of reasonable and limited portions of the Training Data or electronic notes taken on the secure computer to prepare court filings or pleadings or other papers (including a testifying expert's expert report) by following the procedures provided herein. For purposes of this protocol, references to "print," "printing," or "print outs" are understood to refer to a Bates-stamped electronic production (as described in this Paragraph). To make a request, the Inspecting Party shall create a directory entitled "Print Request" and save the desired limited portions of the Training Data or notes in that directory. The beginning of each portion of Training Data the Inspecting Party wishes to print must include the filename, file path, and line numbers where the material was found in the training data or other information that allows for specific identification of the material. The Inspecting Party shall alert Microsoft when it has saved the desired limited portions of the Training Data or notes in the "Print Request" directory that it requests to be printed. Upon receiving a request, Microsoft shall Bates number, and label 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" all requested pages. Within seven business days from the date of request, Microsoft shall either (i) produce electronic versions to the Inspecting Party's counsel, or (ii) inform the Inspecting Party that Microsoft objects that the requested portions are excessive, not for a permitted purpose, and/or not justified (see, e.g. Fed. R. Civ. Pro. 26(b)). In the event that Microsoft objects, the parties shall meet and confer within three business days of Microsoft's notice of its objection. If, after meeting and conferring, Microsoft and the Inspecting Party cannot resolve the objection, the Inspecting Party shall be entitled to seek a Court resolution of whether the requested Training Data should be produced. To the extent the Inspecting Party has a right to seek production, separate and apart from any inspection, of portions of the Producing Party's Training Data, nothing in this protocol should be read to prejudice that right.

i.   All persons who will review Microsoft's Training Data on behalf of an Inspecting Party, including the Inspecting Party's counsel, must qualify under paragraph 15 of the Stipulated Protective Orders as an individual to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, and must sign the Non-Disclosure Agreement attached as Exhibit A to the Stipulated Protective Order. All persons who review Microsoft's Training Data in the secured inspection room or on the secured computer on behalf of an Inspecting Party shall also be identified in writing to Microsoft at least five business days in advance of the first time that such person reviews such Training Data. All authorized persons viewing Training Data in the secured inspection room or on the secured computer shall, on each day they view Training Data, sign a log that will include the names of persons who enter the locked room to view the Training Data and when they enter and depart. Proper identification of all authorized persons shall be provided prior to any access to the secure inspection room or the secured computer containing Training Data. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure inspection room or the secured computer may be denied, at the discretion of Microsoft, to any individual who fails to provide proper identification.

j.   Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this protocol, the Inspecting Party's counsel and/or experts shall remove all notes, documents, and all other physical materials from the secure inspection room. Microsoft shall not be responsible for any items left in the room following each inspection session, and the Inspecting Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

k. Other than as provided above, the Inspecting Party will not copy, remove, or otherwise transfer any Training Data from the secured computer including, without limitation, copying, removing, or transferring the Training Data onto any recordable media or recordable device. The Inspecting Party will not transmit any Training Data in any way from Microsoft's facilities.

8. Notwithstanding any provisions of this Training Data Protocol or the Stipulated Protective Orders, the Parties reserve the right to amend this protocol either by written agreement or Order of the Court upon showing of good cause.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: March 20, 2025

/s/   *Jared B. Briant*
Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778

Facsimile: (212) 506-5151
Email: ccariello@orrick.com
      mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
      lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Brianna L. Silverstein (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington D.C. 20005
Telephone: (202) 824-8800
Facsimile: (202) 842-8465
Email: brianna.silverstein@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

Dated: March 20, 2025

*/s/ Ian Crosby*
Ian Crosby *(admitted pro hac vice)*
Genevieve Vose Wallace *(admitted pro hac vice)*
Katherine M. Peaslee *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Emily K. Cronin (*admitted pro hac vice*)
Ellie Dupler *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002

Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

*/s/      Steven Lieberman*
Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(pro hac vice)*
Jenny L. Colgate *(pro hac vice)*
Mark Rawls *(pro hac vice)*
Kristen J. Logan *(pro hac vice)*
Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

Jeffrey A. Lindenbaum (JL1971)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
3 Manhattanville Road, Suite 105
Purchase, New York 10577
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
jlindenbaum@rothwellfigg.com

- 11 -

*Attorneys for Plaintiffs*
*Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC*

*/s/      Matthew Topic*
Jonathan Loevy *(pro hac vice)*
Michael Kanovitz *(pro hac vice)*
Lauren Carbajal *(pro hac vice)*
Stephen Stich Match (No. 5567854)
Matthew Topic *(pro hac vice)*
Thomas Kayes *(pro hac vice)*
Steven Art *(pro hac vice)*
Kyle Wallenberg *(pro hac vice)*

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
carbajal@loevy.com
match@loevy.com
matt@loevy.com
steve@loevy.com
kayes@loevy.com
wallenberg@loevy.com

*Attorneys for Plaintiff*
*The Center for Investigative Reporting, Inc.*

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: March 20, 2025

_____
HON. ONA T. WANG
United States Magistrate Judge