

February 4, 2026

**VIA ECF**

The Honorable Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   *In re OpenAI, Inc., Copyright Infringement Litig.*, 1:25-md-3143-SHS-OTW
      This Document Relates To: All Actions
      Response to Letter Brief Requesting Additional Deposition Hours with Microsoft
      Witnesses (ECF 1216)

Dear Magistrate Judge Wang:

      A few weeks before discovery is to close for good, as Judge Stein has repeatedly ordered, Plaintiffs are now asking for **30 *additional* 30(b)(6) hours—more than the 25 *total* 30(b)(6) hours** they agreed to in a heavily negotiated deposition protocol.  Microsoft already agreed to expand the 30(b)(6) hours to 40, without asking for anything in return.  But Plaintiffs have exhausted their 40 hours of 30(b)(6) time with six 30(b)(6) witnesses remaining, and now demand 70 hours of corporate representative depositions in a case that is basically the same shape and size as it was when they agreed that 25 hours would suffice for the 173 30(b)(6) topics served by Plaintiffs, many of which contain multiple subparts.  The additional 15 hours requested and readily provided by Microsoft would have sufficed if Plaintiffs had not squandered their time on sideshows and rabbit holes or neglected issues on which resolution of this case will turn, and Plaintiffs' letter provides no support for such a dramatic expansion at this late stage.  Nor is there time for it.

      Even so, in the interest of moving this discovery process to a close, Microsoft does not oppose reallocating 30 hours to 30(b)(6) time from Plaintiffs' more than 100 remaining hours of 30(b)(1) time, provided that this reallocation is the final one in this case and Plaintiffs' total number of hours remaining is not increased.

***Plaintiffs did not use their 30(b)(6) time productively.***

      The amount of deposition time that Plaintiffs have spent on unpleaded matters is astounding.  Instead of dedicating their 30(b)(6) hours to inquire about subjects actually at issue in the case (*i.e.*, for Class Plaintiffs, the training of OpenAI's LLMs with books and Microsoft's relationship with OpenAI related to that training, and for News Plaintiffs, Retrieval Augmented Generation), Plaintiffs largely focused their questioning on Microsoft's Bing Index, which is not pleaded in the Complaint.  In fact, they spent many hours of their initial time allotment on questions about the Bing Index.  This is why they have run out of 30(b)(6) time, and it is a problem entirely

of their own making.  Indeed, Plaintiffs barely broached many of the 173 separate 30(b)(6) topics with the Microsoft witnesses designated for those topics in the depositions that have occurred to date, meaning that these Microsoft employees wasted untold time preparing to address noticed topics about which they were never questioned.

Not surprisingly, Plaintiffs blame Microsoft.  Yet, after representing to the Court that they had "quite detailed time allocation per [30(b)(6)] witness," 1/15/2026 Hr'g Tr. at 142:22-143:1, their motion does not explain how this detailed allocation fell apart just days later.  They point to Microsoft having designated "additional" witnesses to cover some topics, but these 30(b)(6) witnesses are not new or additional in any sense of the word, as their depositions were on the calendar prior to the January 15 conference.[1]  On the contrary, for efficiency, Microsoft shifted certain topic designations among the witnesses, and this certainly does not explain why Plaintiffs would need **180% more hours** than the originally agreed 25 to ask the same corporate designees about these topics.

Microsoft changed its witness designations specifically to make the depositions more efficient, not less.  When initially faced with Plaintiffs' 173 noticed topics nearly 6 months ago, Microsoft did its best to parse out the topics and designate witnesses based on their existing knowledge and area of expertise.  In doing so, Microsoft also attempted to designate as few witnesses as possible.  As Microsoft began preparing witnesses, it became clear that the best way to provide Plaintiffs with the corporate designee testimony they demanded was to shift certain topics among the witnesses.  With the exception of one newly added witness,[2] Microsoft notified Plaintiffs that it was merely shifting topics from one previously designated witness to another.  This shifting of topics is not unusual in any complex litigation and certainly not in this MDL, as the News Plaintiffs themselves have also shifted 30(b)(6) designations among witnesses as the case has progressed.

***Plaintiffs' request for 20 additional 30(b)(1) hours is unnecessary and impossible to schedule by February 28.***

Microsoft disclosed four new witnesses since the January 15 hearing and withdrew one witness on whom it will not rely.  Plaintiffs argue that this net addition of three witnesses—who can provide examples of transformative and non-infringing uses of Microsoft's Generative AI products in each of their respective fields—should cause the Court to give Plaintiffs 20 more 30(b)(1) deposition hours.  But the examples about which these employees would testify are publicly known, and Microsoft listed them in its contention interrogatory responses served on the same date as the new witness disclosures.

To avoid unnecessary depositions that may delay the close of fact discovery, Microsoft is willing to delay the depositions of these witnesses to later in the case should Microsoft rely upon their testimony for expert reports, summary judgment, class certification, or trial.  But in any event,

---

[1] Microsoft previously agreed to provide Plaintiffs an additional two hours of 30(b)(6) testimony with one of these seven 30(b)(6) witnesses outside of the limits discussed in this motion, as a result of the need to redesignate a small handful of the 173 Rule 30(b)(6) topics served by Plaintiffs.
[2] Microsoft has already agreed to provide this witness' 30(b)(6) testimony outside of the 30(b)(6) time limits.

Honorable Ona T. Wang                                  - 3 -                                  February 4, 2026

any depositions of these employees would be extremely limited and should not require anything close to the time Plaintiffs seek, and as such, any time spent on depositions for these witnesses—if even necessary—can and should come from the existing total remaining 30(b)(1) hours. At this point, every day until February 27 is scheduled with multiple depositions, and Microsoft has made repeated requests for more detailed time allocations so that it can help schedule multiple Microsoft witnesses in a given day where Plaintiffs intend shorter depositions. Plaintiffs have by and large not been willing to engage in such discussions, making it next to impossible to help Plaintiffs achieve their stated goals.

Although Plaintiffs bear full responsibility for not properly allocating their 30(b)(6) time, Microsoft does not object to their using 30 of their remaining hours for the forthcoming 30(b)(6) witnesses, provided this is the last such reallocation of time. But the Court should not reward this inefficiency with even more 30(b)(1) hours, as Plaintiffs have not even remotely justified their request. Plaintiffs can easily complete their deposition discovery with the hours they still have. And to that end, Microsoft also asks that the Plaintiffs be required to provide Microsoft with more specific 30(b)(6) and 30(b)(1) witness time estimates to allow Microsoft to help Plaintiffs efficiently complete fact discovery.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ _Annette L. Hurst_ | /s/ _Jared B. Briant_ |
| Annette L. Hurst | Jared B. Briant |

*Counsel for Defendant Microsoft Corporation*