**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE: |
| |
| OPENAI, INC. |
| |
| COPYRIGHT INFRINGEMENT |
| LITIGATION |
| |
| This Document Relates To: |
| |
| News Cases |

Case No. 1:25-md-3143-SHS-OTW

<u>**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO NEWS PLAINTIFFS'**</u>
<u>**MOTION FOR LEAVE TO FILE UNDER SEAL**</u>

Pursuant to Paragraph 21 of the Stipulated Protective Order in the News Cases (*Daily News* ECF 129), Defendant Microsoft Corporation ("Microsoft") submits this response in support of News Plaintiffs' Motion to Seal (ECF 250) ("Motion") requesting that Exhibit A to News Plaintiffs' Letter submitting a supplemental document in connection with their letter motion regarding production of metric-tracking dashboards ("Supplemental Letter") (ECF 249-1) be sealed.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*,

929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

Exhibit A to the Supplemental Letter contains screenshots from a confidential video, the disclosure of which would unfairly prejudice Microsoft. Exhibit A, which has been designated "CONFIDENTIAL" pursuant to the Protective Order, contains confidential information containing metrics related to Microsoft's work. *See* Ex. A (Declaration of Lucky Vidmar). It has also been exchanged during the course of discovery and is designated under the Protective Order. *New York Times*, ECF 378. Microsoft requests that Exhibit A is sealed in its entirety.

The information Microsoft seeks to seal is the type of information commonly found to warrant sealing. *See id.* (granting motion to seal similar information and documents in this case); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Declaration of Lucky Vidmar, Microsoft supports News Plaintiffs' Motion to Seal Portions (ECF 250). Specifically, Microsoft requests that Exhibit A (ECF 249-1) be sealed.

Dated: June 30, 2025                    Respectfully submitted,

                                        */s/ Jared B. Briant*
                                        Jared B. Briant (admitted *pro hac vice*)
                                        Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
                                        FAEGRE DRINKER BIDDLE & REATH LLP
                                        1144 Fifteenth Street, Suite 3400
                                        Denver, CO 80202
                                        Telephone: (303) 607-3500
                                        Facsimile: (303) 607-3600
                                        Email: jared.briant@faegredrinker.com

Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
        mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
        lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*